Rick L. Shackelford (SBN: 151262)
GREENBERG TRAURIG, LLP
1840 Century Park East, Suite 1900
Los Angeles, California 90067
Tel: 310.586.7700; Fax: 310.586.7800
shackelfordr@gtlaw.com

Michael D. Lane (SBN: 239517)
GREENBERG TRAURIG, LLP
4 Embarcadero Center, Suite 3000
San Francisco, California 94111
Tel: 415.655.1300; Fax: 415.707.2010
lanemd@gtlaw.com

Attorneys for Defendants
Champion Petfoods USA, Inc. and
Champion Petfoods LP

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESIKA VADO, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CHAMPION PETFOODS USA, INC. and CHAMPION PETFOODS LP, PET FOOD EXPRESS, LTD., and DOES 1 through 100, inclusive,<br><br>Defendants. | CASE NO.<br><br>**NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. § 1332(d)(2) BY DEFENDANTS CHAMPION PETFOODS USA, INC AND CHAMPION PETFOODS LP**<br><br>**(CLASS ACTION FAIRNESS ACT)**<br><br>Removed from the Superior Court of the State of California Case No. RG18925590<br><br>Removal Filed: November 21, 2018<br>State Court Action Filed:  October 22, 2018 |

**PLEASE TAKE NOTICE** that defendants Champion Petfoods USA, Inc. and Champion Petfoods LP (collectively "Champion") hereby remove the above-captioned action, *Vado v. Champion Petfoods USA, Inc., et al.*, Case No. RG18925590 from the Superior Court of the State of California, County of Alameda, Oakland Division (the "State Court Action") to the United States District Court for the Northern District of California, pursuant to the Class Action Fairness Act (CAFA), codified in relevant part at 28 U.S.C. §§ 1332(d) and 1453. Champion hereby provides a "short and plain statement of the grounds for removal" pursuant to 28 U.S.C. § 1446(a).

## BACKGROUND

1. On October 22, 2018, Plaintiff filed a putative class action against Champion Petfoods USA, Inc., Champion Petfoods LP and Pet Food Express, Ltd. in the Superior Court of the State of California, County of Alameda, Oakland Division. (A copy of the Summons and Complaint, along with a copy of all other processes, pleadings, and orders served on Champion, is attached to this Notice as **Exhibit A**.) The Complaint alleges that Champion deceptively marketed its Acana and Orijen brand pet foods (the "Pet Food Products") as "Biologically Appropriate" and "designed to nourish dogs and cats according to their evolutionary adaptation to a diet rich and diverse in fresh meat and protein" when the products allegedly contained "harmful chemicals, toxins and artificial and/or synthetic ingredients." (Compl. ¶ 1.)

2. Plaintiff asserts claims for (a) negligent misrepresentation (*id.* ¶¶ 96-102); (b) violations of California's Consumer Legal Remedies Act, Ca. Civ. Code §§ 1750 *et seq.* (*id.* ¶¶ 103-111); (c) violations of California False Advertising Law, Ca. Bus. & Prof. Code §§ 17500 *et seq.* (*id.* ¶¶ 112-118); (d) violations of the Unfair Competition Law, Ca. Bus. & Prof. Code §§ 17200 *et seq.* (*id.* ¶¶ 119-127); (e) breach of express warranty (*id.* ¶¶ 128-139); (f) breach of implied warranty (*id.* ¶¶ 140-151); and (g) quasi-contract (*id.* ¶¶ 152-154). She asserts her claims on behalf of a putative class consisting of all California residents who purchased Acana and/or Orijen products for household use from July 1, 2013 to the present (*id.* ¶ 85). Plaintiff seeks to recover actual damages, injunctive and declaratory relief, and attorneys' fees and costs. [1]

---

[1] Champion disputes Plaintiff's factual and class-related allegations, as well as the legal conclusions in the Complaint. Champion denies that Plaintiff or the putative class have been harmed in any way or are entitled to recover damages, restitution, or any other relief requested in the Complaint. Champion does

1

## **REQUIREMENTS FOR REMOVAL**

2  3.  This removal is timely under 28 U.S.C. § 1446(b) because 30 days or less have passed

3 since Champion was served with the Summons and Complaint.  *See Murphy Bros., Inc. v. Michetti Pipe*

4 *Stringing, Inc.*, 526 U.S. 344, 47-48 (1999) (30-day removal period is not triggered until formal

5 service); *Big B Auto. Warehouse Distribs., Inc. v. Cooperative Computing, Inc.*, No. SC-00-2602, 2000

6 WL 1677948, at *4 (N.D. Cal. Nov. 1, 2000).

7  4.  Venue properly lies in the United States District Court for the Northern District of

8 California, pursuant to 28 U.S.C. §§ 84(a) and 1441(a), because the State Court Action was filed in

9 Alameda County.

10  5.  Pursuant to 28 U.S.C. § 1446(d), Champion is filing a copy of this Notice of Removal

11 with the clerk of the Superior Court of California, Alameda County and providing written notice of this

12 removal to Plaintiff by serving Plaintiff's counsel.

13  6.  In accordance with 28 U.S.C. § 1446(a), copies of all processes, pleadings, and orders

14 served on Champion are attached collectively to this Notice as **Exhibit A**.

15  7.  Consent of all defendants is not required under 28 U.S.C. § 1453(b).

16

## **REMOVAL OF THIS ACTION IS PROPER UNDER CAFA**

17  8.  This Court has original jurisdiction over this case under CAFA, 28 U.S.C. §§ 1332(d)

18 and 1453.  Under CAFA, United States District Courts have original jurisdiction over any civil action if:

19 (a) the proposed class contains at least 100 members; (b) none of the primary defendants is a state, state

20 official, or governmental entity; (c) there is diversity between at least one putative class member and

21 one defendant; and (d) the amount in controversy, after aggregating the sum or value of each proposed

22 class member's claim, exceeds $5 million, exclusive of interest and costs.  28 U.S.C. § 1332(d).

23  9.  Based on the allegations as pled in the Complaint, which must be taken as true for

24 purposes of removal, and for the reasons set forth below, all requirements of CAFA are satisfied.

25 ///

26 ///

27

28 not waive any of its rights or defenses, including jurisdictional objections, and expressly reserves the
right to amend and supplement this Notice of Removal.

**A.      The Proposed Class Consists of at Least 100 Members**

10.      Plaintiff's Complaint seeks to certify a class consisting of "[a]ll California residents who, from July 1, 2013 to the present, purchased one or more of the Champion Petfoods 'Acana' and/or 'Orijen' brand-named Products at issue herein for household use, and not for resale (the 'Class')." (Compl. ¶ 85.)   The proposed class excludes (i) Champion's officers, directors, legal representatives, employees and co-conspirators; (ii) any parent companies, subsidiaries, and/or affiliates of Champion; (iii) all governmental entities; and (iv) any judge, justice, or judicial officer presiding over this action. (*Id.* ¶ 86.)

11.      Champion's Pet Food Products were purchased by thousands of California residents during the period in question, July 2013 through November 2018.   In addition, the Complaint alleges that "[t]he Class is so numerous that joinder of all members is impracticable."   (Compl. ¶ 88.) Accordingly, the aggregate number of class members is greater than 100 persons for purposes of 28 U.S.C. § 1332(d)(5)(B).

**B.      No Defendant is a State, State Official, or Governmental Entity**

12.      No Defendant is a state, state official, or governmental entity.

**C.      There is Minimal Diversity**

13.      Diversity under CAFA exists if the citizenship of "any member of a class of plaintiffs is a citizen of a state different from any defendant." 28 U.S.C. § 1332(d)(2)(A).  A corporation is deemed to be a citizen of every state "by which it has been incorporated and . . . where it has its principal place of business." 28 U.S.C. § 1332(c)(1).

14.      Plaintiff alleges that she is a resident of California.   (Compl. ¶ 13.)   In addition, the putative class in this case is limited to individuals who are California residents. (*Id.* ¶ 85.)  Accordingly, all members of the putative class are necessarily residents of California.

15.      Champion Petfoods USA Inc. is a Delaware corporation, with its principal place of business located in Kentucky.  (Compl. ¶ 15.)  Champion Petfoods LP is a Canadian limited partnership with its principal place of business in Edmonton, Alberta.  (*Id.* ¶ 16.)

16.      Accordingly, CAFA's minimal diversity requirement is satisfied.

**D.**    **The Amount in Controversy Exceeds $5 Million**

17.    To remove a case from state court, the defendant must plead only "a short and plain statement of the grounds for removal" setting forth "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." The "defendant's amount-in-controversy allegation should be accepted" just as the plaintiff's amount-in-controversy allegation is accepted when a plaintiff invokes federal court jurisdiction. *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 551, 553-54 (2014). If the plaintiff challenges defendant's allegations, the defendant need only meet a preponderance of the evidence standard to satisfy the $5 million amount-in-controversy requirement. *Rodriquez v. AT&T Mobility Servs. LLC*, 728 F.3d 975, 977 (9th Cir. 2013).

18.    "The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability." *Lewis v. Verizon Commc'ns, Inc*., 627 F.3d 395, 400 (9th Cir. 2010). "In measuring the amount in controversy, a court must assume that the allegations of the complaint are true and that a jury will return a verdict for the plaintiff on all claims made in the complaint." Korn v. Polo Ralph Lauren Corp., 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008).

19.    The amount in controversy includes claims for monetary damages, restitution, penalties, attorneys' fees if recoverable by statute or contract, and punitive damages. *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 700 (9th Cir. 2007); *see, e.g., Bayol v. Zipcar, Inc.*, No. 14-CV-02483-TEH, 2015 WL 4931756, at *8-10 (N.D. Cal. Aug. 18, 2015).

20.    Although the Complaint does not include a specific monetary demand, Plaintiff seeks to recover actual and statutory damages, disgorgement and restitution of all revenues obtained by Champion in selling the Pet Food Products to the putative class, and punitive damages, as well as attorneys' fees and injunctive relief. (Compl., *Prayer for Relief* at pps. 61-62.)

21.    While Champion denies that Plaintiff and the putative class are entitled to any damages, Champion projects that the retail sales of its Acana and Orijen products to the putative class of California residents were over $5 million in each and every year from 2013 through the present, and thus, in the aggregate, far exceed CAFA's $5 million amount-in-controversy requirement.

22.    Adding attorneys' fees and valuing the injunctive relief sought by Plaintiff would only serve to increase the amount in controversy further above the $5 million threshold. *See Paul, Johnson,*

*Alson & Hunt v. Graulty*, 886 F. 2d 268, 272 (9th Cir. 1989); *see Jasso v. Money Mart Express, Inc.*, No. 11-CV-5500 YGR, 2012 WL 699465, at *7 (N.D. Cal. Mar. 1, 2012) ("[I]t is well established that the Ninth Circuit 'has established 25% of the common fund as a benchmark award for attorney fees.'"); *Hunt v. Washington State Apple Advert. Comm'n*, 432 U.S. 333, 347 (1977) (declaratory or injunctive relief relevant in determining amount in controversy).

## RESERVATION OF RIGHTS AND DEFENSES

23.     By filing this Notice of Removal, Champion does not waive any defenses that may be available, and reserves all such defenses, including those based upon improper or inadequate service of process and lack of personal jurisdiction.  In addition, Champion does not concede that Plaintiff states any claim upon which relief can be granted, or that Plaintiff or the putative class are entitled to any relief of any kind or nature.  If any questions arise as to the propriety of the removal of this action, Champion respectfully requests the opportunity to submit additional papers and to present oral argument.

24.     The undersigned counsel has read the foregoing and signs this Notice of Removal pursuant to Rule 11 of the Federal Rules of Civil Procedure, as required by 28 U.S.C. § 1446(a).

**WHEREFORE**, Champion hereby removes this action, which was previously pending in the Superior Court of the State of California, County of Alameda, Oakland Division, Case No. RG18925590, to the United States District Court for the Northern District of California.

DATED:  November 21, 2018                    GREENBERG TRAURIG, LLP


                                                    By      */s/ Michael D. Lane*_____

                                                            Rick L. Shackelford
                                                            Michael D. Lane

                                                            Attorneys for Defendants
                                                            Champion Petfoods USA, Inc. and
                                                            Champion Petfoods LP

# Exhibit A

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

CHAMPION PETFOODS USA, INC. and CHAMPION PETFOODS
LP, PET FOOD EXPRESS, LTD., and DOES 1 through 100, Inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

JESIKA VADO, Individually and on Behalf of All Others Similarly
Situated,

---

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

ENDORSED
FILED
ALAMEDA COUNTY
OCT 22 2018

CLERK OF THE SUPERIOR COURT,
By Lanette Buffin, Deputy

---

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Rene C. Davidson Courthouse
1225 Fallon Street
Oakland, CA 94612

**CASE NUMBER:**
*(Número del Caso):* RG18925590

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Finkelstein & Krinsk LLP, Jeffrey Krinsk 550 W. C St., #1760, SD, CA 92101 (619) 238-1333

| DATE:                | Chad Finke | Clerk, by        |        | , Deputy   |
| *(Fecha)*            |            | *(Secretario)*   |        | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You were served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* Champion Petfoods LP

   under: ☐ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)      ☐ CCP 416.70 (conservatee)
   ☒ CCP 416.40 (association or partnership)      ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☒ by personal delivery on *(date):* 10/24/18

[SEAL]

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courtinfo.ca.gov*

**BY FAX**

1  FINKELSTEIN & KRINSK LLP
   Jeffrey R. Krinsk (SBN 109234)
2  jrk@classactionlaw.com
   Joshua Anaya (SBN 265444)
3  jca@classactionlaw.com
4  550 West C Street, Suite 1760
   San Diego, California 92101
5  Telephone: (619) 238-1333
   Facsimile: (619) 238-5425
6

7  *Attorneys for Plaintiff and the Class*

8  [ADD'L COUNSEL ON SIGNATURE PAGE]

**FILED**
ALAMEDA COUNTY

OCT 22 2018

CLERK OF THE SUPERIOR COURT
By _____ DEPUTY

9             **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

10              **COUNTY OF ALAMEDA, OAKLAND DIVISION**

11                 **RENÉ C. DAVIDSON COURTHOUSE**

                                          18925598

12 | JESIKA VADO, Individually and on Behalf of | Case No.
13 | All Others Similarly Situated, |
14 | | **CLASS ACTION COMPLAINT FOR:**
15 |                    Plaintiff, | (1) NEGLIGENT
    |          v. | MISREPRESENTATION;
16 | | (2) VIOLATIONS OF THE
   | CHAMPION PETFOODS USA, INC. and | CALIFORNIA CONSUMER LEGAL
17 | CHAMPION PETFOODS LP, PET FOOD | REMEDIES ACT;
   | EXPRESS, LTD., and DOES 1 through 100, | (3) VIOLATIONS OF THE
18 | Inclusive, | CALIFORNIA FALSE
   | | ADVERTISING LAW;
19 | | (4) VIOLATIONS OF THE
20 |                  Defendants. | CALIFORNIA UNFAIR
   | | COMPETITION LAW;
21 | | (5) BREACH OF EXPRESS
   | | WARRANTY;
22 | | (6) BREACH OF IMPLIED
   | | WARRANTY; AND
23 | | (7) QUASI-CONTRACT.
24 |
   | | **DEMAND FOR JURY TRIAL**
25 |
26 |
27 |
28 |

CLASS ACTION COMPLAINT

Plaintiff Jesika Vado ("Plaintiff"), individually and on behalf of all others similarly situated, by and through her undersigned attorneys, as and for their Class Action Complaint against defendants Champion Petfoods USA, Inc., ("Champion USA") and Champion Petfoods LP ("Champion LP") and Pet Food Express, Ltd. (collectively, "Defendants"), alleges the following based upon personal knowledge as to her and her own actions, and, as to all other matters, respectfully alleges, upon information and belief, as follows (Plaintiff believes that substantial evidentiary support will exist for the allegations set forth herein after a reasonable opportunity for discovery.):

## NATURE OF THE ACTION

1.  Plaintiff, individually and on behalf of all others similarly situated, by and through her undersigned attorneys, bring this class action against Defendants for the deceptive practice of marketing their high priced Acana and Orijen brand name dog and cat food products (the "Products") as "Biologically Appropriate" and "designed to nourish dogs and cats according to their evolutionary adaptation to a diet rich and diverse in fresh meat and protein[]" that is trusted by pet lovers everywhere, when they contain harmful chemicals, toxins and artificial and/or synthetic ingredients.[1]

2.  Defendants prominently feature on their Product packaging and labels that they are comprised of fresh, quality, and properly sourced ingredients and even declare that their pet food has "ingredients we love." In fact, however, the Products' packaging and labeling fail to disclose that the Products are *contaminated* because they contain heighten levels of arsenic, mercury, lead, cadmium and/or Bisphenol A ("BPA") – each of which are known to pose health risks to humans and animals alike, as detailed below: [2]

---

[1] *See* The Globe and Mail, "How once-tiny pet-food maker took a bite of the global market," Jan. 16, 2018, https://www.theglobeandmail.com/report-on-business/small-business/canadian-powerhouse-export-your-dog-is-eating-it/article37605774/ (last visited Oct. 7, 2018); https://www.orijen.ca/us/

[2] Each of the Acana and Orijen branded pet food Products listed below is henceforth referenced to herein as the "Products."

CLASS ACTION COMPLAINT

| Product Name | arsenic ug per kg | bpa ug per kg | cadmium ug per kg | mercury ug per kg | lead ug per kg |
|---|---|---|---|---|---|
| Acana Regionals Wild Atlantic New England Fish and Fresh Greens Dry Dog Food | 3256.40 | 32.50 | 113.00 | 51.20 | 249.30 |
| Orijen Six Fish With New England Mackerel, Herring, Flounder, Redfish, Monkfish, Silver Hake Dry Dog Food | 3169.80 | 39.50 | 200.50 | 54.90 | 38.70 |
| Orijen Original Chicken, Turkey, Wild-Caught Fish, Eggs Dry Dog Food | 907.60 | 0.00 | 93.20 | 10.80 | 489.80 |

CLASS ACTION COMPLAINT

| Product Name | arsenic ug per kg | bpa ug per kg | cadmium ug per kg | mercury ug per kg | lead ug per kg |
|---|---|---|---|---|---|
| Orijen Regional Red Angus Beef, Boar, Goat, Lamb, Pork, Mackerel Dry Dog Food | 849.40 | 43.60 | 123.10 | 21.40 | 167.70 |
| Acana Regionals Meadowland with Poultry, Freshwater Fish and Eggs Dry Dog Food | 846.40 | 82.70 | 37.50 | 8.70 | 489.00 |
| Acana Regionals Appalachian Ranch with Red Meats and Freshwater Catfish Dry Dog Food | 358.20 | 82.90 | 32.50 | 14.90 | 336.70 |
| Acana Regionals Grasslands with Lamb, Trout, and Game Bird Dry Dog Food | 262.80 | 0.00 | 30.60 | 9.60 | 305.00 |
| Orijen Regional Red Angus Beef, Ranch Raised Lamb, Wild Boar, Pork, | 1066.50 | 37.70 | 62.10 | 21.70 | 138.50 |

CLASS ACTION COMPLAINT

| Product Name | arsenic ug per kg | bpa ng per kg | cadmium ug per kg | mercury ug per kg | lead ug per kg |
|---|---|---|---|---|---|
| Bison Dry Dog Food | | | | | |
| Acana Singles Duck and Pear Formula Dry Dog Food | 523.40 | 102.70 | 30.90 | 15.40 | 537.40 |
| Acana Singles Lamb and Apple Formula Dry Dog Food | 401.20 | 73.20 | 35.00 | 3.20 | 423.40 |
| Acana Heritage Free-Run Poultry Formula Dry Dog Food | 292.90 | 62.20 | 27.80 | 3.30 | 290.20 |
| Acana Heritage Freshwater Fish Formula Dry Dog Food | 977.70 | 0.00 | 56.20 | 27.40 | 486.80 |
| Orijen Tundra Freeze Dried Venison, Elk, Bison, Quail, Steelhead Trout Wet Dog Food | 23.13 | 6.02 | 27.64 | 5.35 | 12.26 |
| Orijen Adult Dog Freeze Dried Chicken, Turkey, Wild-Caught Fish, Eggs | 23.21 | 13.41 | 7.74 | 9.45 | 7.33 |

- 4 -

CLASS ACTION COMPLAINT

| Product Name | arsenic ug per kg | bpa ug per kg | cadmium ug per kg | mercury ug per kg | lead ug per kg |
|---|---|---|---|---|---|
| Wet Dog Food | | | | | |
| Orijen Regional Red Freeze Dried Angus Beef, Ranch Raised Lamb, Wild Boar, Pork, Bison Wet Dog Food | 102.66 | 0.00 | 23.40 | 19.60 | 16.85 |
| Orijen Six Fish Wild-Caught Regional Saltwater and Freshwater Fish Dry Dog Food | 2173.90 | 39.70 | 92.20 | 58.80 | 55.10 |
| Orijen Tundra Goat, Venison, Mutton, Bison, Arctic Char, Rabbit Dry Dog Food | 1628.50 | 40.30 | 134.50 | 43.60 | 471.80 |
| Orijen Grain Free Puppy Chicken, Turkey, Wild-Caught Fish, Eggs Dry Dog Food | 791.20 | 32.20 | 87.20 | 12.20 | 490.80 |
| Acana Singles Mackerel and Greens | 1510.70 | 40.10 | 132.20 | 29.60 | 251.10 |

| Product Name | arsenic ug per kg | bpa ug per kg | cadmium ug per kg | mercury ug per kg | lead ug per kg |
|---|---|---|---|---|---|
| Formula Dry Dog Food | | | | | |
| Acana Heritage Meats Formula Dry Dog Food | 384.80 | 58.30 | 24.40 | 6.40 | 1731.90 |
| Acana Singles Pork and Squash Formula Dry Dog Food | 373.70 | 57.60 | 25.60 | 4.00 | 329.60 |

3.    Defendants manufacture, market, advertise, label, distribute, and sell cat and dog pet food under the brand names Acana and Orijen throughout California, including in Alameda County

- 5 -

CLASS ACTION COMPLAINT

1
2
3

through online purchases and a slew of pet stores such as the 62-store chain operated by Oakland, California-based Defendant Pet Food Express, Ltd.

4.      By deceptively marketing, point of sale advertising, distributing and selling the Products as natural with no artificial preservatives, when, in fact, their Acana and Orijen dog and cat food products are full of heavy metals and/or chemicals like BPA and through false and misleading advertisements and labeling claiming that the Products represent an "evolutionary diet" mirroring that consumed by the grey wolfs of old, and free of anything "nature did not intent your dog [or cat] to eat."



5.      In fact, Defendants aggressively marketed that their Acana and Orijen brand pet food Products are "Natural And Not Synthetic," and/or that the primary ingredients are from natural sources to the point that they are "Deemed fit for human consumption."[3]

---

[3] See, e.g., https://acana.com/wp-content/uploads/2015/10/DS-ARCANA-Dog-Brochure-002.pdf ; https://www.orijen.ca/us/foods/dog-food/fry-dog-food/tundra/.

- 6 -

CLASS ACTION COMPLAINT



6.     Defendants' advertisement and product labeling is deceptive to consumers under the consumer protection laws of California.   Defendants have been unjustly enriched as a result of their conduct.  For these reasons, Plaintiff seeks the relief set forth herein below.

7.     Plaintiff brings this proposed consumer class action on behalf of themselves and all other citizens of California, who, from the applicable limitations period up to and including the present, purchased for consumption and not resale any of Champion pet food Products directly or indirectly by or through the Defendants named herein.

## JURISDICTION AND VENUE

8.     This Court has jurisdiction over this action pursuant to Article 6, § 10 of the California Constitution, Civil Code § 1780(d), and Code of Civil Procedure §§ 382 and 410.10.

9.     This Court has jurisdiction over Defendants because they have conducted and continue to conduct substantial business within California, including, *inter alia*, the promotion, advertising, distribution and sale of the Acana and Orijen pet food Products at issue herein.

10.    Venue is proper in this Court pursuant to Code of Civil Procedure § 395 because Plaintiff Vado purchased Defendants' Products in San Francisco and Pacifica, California, within the applicable statute of limitations and the resulting economic harm and damage occurred in both San Francisco and Alameda County.  Since Defendant Pet Food Express, Ltd. is a California corporation

- 7 -

and headquartered in Oakland, California (and operates its 62-store chain of stores from its Oakland, CA headquarters), venue is proper in Alameda County.

11.     Having Defendants litigate Plaintiff's claims in California does not offend traditional notions of fair play and substantial justice and is permitted by the United States Constitution. Plaintiff and all Class Members' claims arise in part from conduct Defendants purposefully directed to and occurred in California.  On information and belief, Defendants Champion USA and Champion LP's Acana and Orijen Products are sold at hundreds of local and California state-wide retailers in this State, including, but not limited to, Defendant Pet Food Express, Ltd.

12.     On further information and belief, Plaintiff alleges that Defendants have, and continue to, avail themselves of numerous advertising and promotional materials disseminated throughout California regarding contaminated pet food Products vis-à-vis advertisements and product labeling campaigns specifically intended to reach consumers in California, including but not limited to advertisements on local California television programs, radio broadcasts, product package labeling, advertisements on billboards in California, and advertisements in print and point of sale publications disseminated to consumers in San Francisco and Alameda counties and throughout the State of California.

## THE PARTIES

13.     Plaintiff is, and at all times relevant hereto has been, a resident citizen of the state of California.  Plaintiff Jesika Vado ("Vado") purchased the following Acana Regionals Grasslands Formula, Orijen Six Fish, Orijen Puppy, Orijen Puppy Large dog food as the primary food source for her dogs from Pet Food Express in San Francisco and Pacifica on and or about July 25, 2018, August 1, 2018, August 15, 2018, August 29, 2018 and September 6, 2018.  Plaintiff Vado purchased the Products for her dogs Kali (a Pit/Bulldog mix) and Steel (an Australian Shepard).  Prior to purchasing the Products, Plaintiff reviewed the nutritional claims on the packaging which she relied on when deciding to purchase the Products at issue herein.  During that time, and based on the false and misleading claims, warranties, representations, store and other media advertisements, and other marketing by Defendants, Plaintiff Vado was unaware that the Products contained any level of heavy metals, chemicals, or toxins and would not have purchased the Product if that was fully disclosed.

- 8 -

CLASS ACTION COMPLAINT

Plaintiff Vado has suffered injury as a result of Defendants' actions by paying a premium price for the Product that, in reality, had no or *de minimis* value based on the presence of the alleged heavy metals, chemicals, or toxins had they been disclosed.

14.     As the result of Defendants' deceptive conduct as alleged herein, Plaintiff Vado was injured when they paid the premium purchase price for the Products that did not deliver what was promised. Plaintiff paid these sums on the assumption that this was for natural and non-synthetic pet food free of artificial preservatives and would not have paid this money had they known that they contained artificial preservatives, toxic chemical and unnatural ingredients. Had she been informed of the truth of Defendants' contaminated pet food, Plaintiff Vado would have purchased other products, which were premium, natural, or did not contain artificial preservatives or synthetic or toxic ingredients. Defendants promised Plaintiff Vado and other Class members natural and non-synthetic pet food free of artificial preservatives and toxic chemicals but delivered something else entirely, thereby depriving them of the benefit of their bargain. Damages can be calculated through expert testimony at trial. Further, should Plaintiff Vado encounter the Products in the future, she could not rely on the truthfulness of the packaging, absent corrective changes to the package labeling and advertising of the Products.

15.     Defendant Champion Petfoods USA, Inc. ("Champion USA") is incorporated in Delaware, and maintains its corporate headquarters and principal place of business at 12871 Bowling Green Road, Auburn, Kentucky 42206. At all times material, all of the Products at issue herein were manufactured, sourced, marketed, advertised and sold through Champion USA, and together with Champion LP was directly responsible for the false and deceptive product labeling alleged herein.

16.     Defendant Champion Petfoods LP ("Champion LP") is a Canadian limited partnership with its headquarters and principal place of business located at 11403-186 Street N.W. Edmonton, Alberta T5S 2W6. Defendant Champion LP is the sole owner of Champion USA and through that position operates and/or controls all facets of Champion USA's operations. Champion USA and Champion LP are sometimes jointly referred to herein as the "Champion Defendants."

17.     Defendant Pet Food Express, Ltd. ("PFE") is a California corporation whose corporate headquarters is located at 500 85th Avenue, Oakland, California 94621.  Defendant PFE owns and operates at least 62 retail stores in Northern and Central California and also markets/advertises, distributes and sells Acana and Origen Products both from its retail stores and through its corporate internet website operated and supervised from its Oakland, California, corporate headquarters.

18.     The true names and capacities of defendants sued herein under California Code of Civil Procedure section 474 as DOES 1 through 100, inclusive, are presently unknown to Plaintiff Vado, who therefore sue these defendants by such fictitious names.  Plaintiff will seek to amend this Complaint and include these DOE defendants' true names and capacities when they are ascertained.  Each fictitiously-named defendant is responsible in some manner for the illegal conduct alleged herein and for the injuries suffered by Plaintiff Vado and the general public as a consequence thereof.

19.     Defendants and the DOE defendants named herein have approved, ratified, controlled, directed, had knowledge of, and/or otherwise been legally responsible for all aspects of the wrongful acts and practices of certain DOE defendants and about which Plaintiff Vado complains.  A unity of interest exists between Defendants and certain DOE defendants such that justice dictates that any liability created by the acts and/or omissions of one be imposed upon the others who should be held legally and financially responsible for all aspects of the wrongful acts and practices about which Plaintiff complains.  Defendants are the alter-ego of certain DOE defendants and, accordingly, liability should be imposed upon the others on that basis.

20.     In accordance with California law, each of the Defendants are liable as a direct participant, aider and abettor, co-conspirator, enabler or is otherwise jointly responsible for the improper, unlawful, deceptive, misleading, unfair, and fraudulent acts and practices that Defendants continue to conduct in this State to the detriment of Plaintiff Vado, Class members and members of the general public of California as well as Defendants' competitors.

21.     Together, Defendants jointly formulated, developed, manufactured, labeled, distributed, marketed, advertised, and sold the subject Products under the brand names Acana and Orijen throughout California, and in this County, during Class Period (defined below).  The

- 10 -

advertising, labeling, and packaging for the Products alleged herein, and relied upon by Plaintiff Vado, was prepared, reviewed, and/or approved by Defendants and their agents, and was disseminated by Defendants and their agents through marketing, advertising, packaging, and labeling that contained the misrepresentations alleged herein. The marketing, advertising, packaging and labeling for the subject Products was designed to encourage consumers to purchase the Products and reasonably misled the reasonable consumer, *i.e.*, Plaintiff and the Classes, into purchasing the subject Products alleged above.

## FACTUAL ALLEGATIONS

### A. Defendants Misleadingly Market Their Products as Natural and Free of Artificial Preservatives

22.    Defendants formulate, develop, manufacture, label, distribute, market, advertise, and sell their exclusive, high priced Acana and Orijen lines of dry and wet pet food Products across the United States and in California though internet and dog and cat pet food retailers, such as Defendant PFE and others, and also including DOE Defendants 1 through 100, inclusive.

23.    The Products at issue herein are available at other numerous retail and online outlets.

24.    The Products are widely advertised throughout California to its resident citizens.

25.    In addition to the "natural," "non-synthetic," and "no artificial preservatives" claims on the front of each Product, the official Acana and Orijen websites display the Products' descriptions and full lists of ingredients for most of the Products.[4] The Products' webpages repeatedly make Defendants' "natural" and "no artificial preservatives" misrepresentations.

26.    Plaintiff purchased the Products which state on their labeling and/or on Defendants' website that they were "natural," "non-synthetic," and contain "no artificial preservatives."

27.    By representing that the Products are "natural," "non-synthetic," and have "no artificial preservatives," – and even are "deemed fit for human consumption" – Defendants sought to capitalize on consumers' preference for less processed products with fewer additives. Consumers, such as Plaintiff Vado, are willing to pay more for pet food products with no artificial or synthetic additives.

---

[4] Acana: (https://acana.com); Orijen: (https://orijen.ca), last visited Oct. 9, 2018.

CLASS ACTION COMPLAINT

28.     In actuality, Defendants' Acana and Orijen Products are anything but safe and healthy for pets.  For example, based on the risks associated with exposure to high levels of arsenic and heavy metals, both the U.S. Environmental Protection Agency ("EPA") and U.S. Food and Drug Administration ("FDA") have set limits concerning the allowable limit of arsenic at 10 parts per billion ("ppb") for human consumption in apple juice (regulated by the FDA) and drinking water (regulating by the EPA).  Apples to apples, apple juice is no different (in terms of arsenic levels) than pet food – each are equally deadly when EPA and FDA limits of this dangerous substance is allowed to infiltrate the pet food chain.[5]

29.     If arsenic was not bad enough, the subject pet food Products also contain lead, which is another carcinogen and developmental toxin known to cause health problems. Exposure to lead in food builds up over time. Can pet food, constructed with the metals and chemical sealants used by Champion USA and Champion LP in the production of the can container unit itself, has been scientifically demonstrated to lead to the development of chronic poisoning, cancer, developmental, and reproductive disorders, as well as serious injuries to the nervous system, and other organs and body systems.

30.     Further, the Products at issue herein contain mercury, a heavy metal, which can cause damage to a canine's cardiovascular system, nervous system, kidneys, and digestive tract.[6]

31.     Continued exposure can also injure the inner surfaces of the digestive tract and abdominal cavity, causing lesions and inflammation. There have also been reports of lesions in the central nervous system (spinal cord and brain), kidneys, and renal glands. *Id.*

---

[5] In fact, the FDA has issued warning letters to manufacturers on this issue. *See, e.g.,* Warning Letter from FDA to Valley Processing, Inc. (June 2, 2016), https://www.fda.gov/iceci/enforcementactions/warningletters/2016/ucm506526.htm. *See also,* FDA Draft Guidance for Industry: Inorganic Arsenic in Rice Cereals for Infants: Action Level (April 2016) (FDA consideration of limiting arsenic in rice cereals for infants), publicly viewable at: https://www.fda.gov/downloads/Food/GuidanceRegulation/GuidanceDocumentsRegulatoryInformation/UCM493152.pdf (last visited Oct. 7, 2018).

[6] https://wagwalking.com/condition/mercury-poisoning (last visited Oct. 8, 2018).

CLASS ACTION COMPLAINT

32.     Finally, the subject Products contain cadmium, yet another heavy metal, which has been observed to cause anemia, liver disease, and nerve or brain damage in dogs and other animals eating or drinking cadmium. The U.S. Department of Health and Human Services has determined that cadmium and cadmium compounds are known human carcinogens and the EPA has likewise determined that cadmium is a probable human carcinogen and, thus, equally damaging to cats and dogs in their pet foods.[7]

33.     Indeed, the FDA has acknowledged that "exposure to [lead, arsenic, cadmium, and mercury] metals are likely to have the most significant impact on public health" and has prioritized them in connection with its heavy metals workgroup looking to reduce the risks associated with human consumption of heavy metals.[8]

34.     Despite the known risks of exposure to these heavy metals, Defendants have negligently, recklessly, and/or knowingly sold their pet food Products without disclosing they contained high levels of arsenic, mercury, cadmium and lead to consumers like Plaintiff. In fact, Defendants have publicly acknowledge that consumers "have deep feelings and a sense of responsibility for the well-being of their dogs and cats."[9]

35.     Additionally, Defendants knew or should have been aware that a consumer would be feeding the subject pet food Products multiple times each day to his or her cat or dog, making it the main, if not only, source of food for the pet. This leads to repeated exposure of the aforementioned heavy metals to the animal.

36.     Defendants have wrongfully and misleadingly advertised and sold the pet food Products without any label or warning indicating to consumers that these products contain heavy

---

[7] https://www.atsdr.cdc.gov/phs/phs.asp?id+46&tid+15, Sept. 2012 (pdf version), last visited Oct. 8, 2018.

[8] https://www.fda.gov/Food/FoodborneIllnessContaminants/Metals/default.htm

[9] https://www.theglobeandmail.com/amp/report-on-business/small-business/canadian-powerhouse-export-your-dog-is-eating-it/article37605774/.

CLASS ACTION COMPLAINT

metals and/or toxins that can, over time, accumulate in the cat and/or dog's body to the point where poisoning, injury, and/or disease can occur.[10]

37.     Defendants' omissions are material, false, misleading, and reasonably likely to deceive the public. This is true especially in light of the long-standing campaign by Defendants to market the subject pet food Products as healthy and safe to induce consumers, such as Plaintiff Vado, to purchase the products. For instance, Defendants market the Products as "Biologically Appropriate," using "Fresh Regional Ingredients" comprised of 100 percent meat, poultry, fish, and/or vegetables, both on the products' packaging and on Defendants' internet websites.

38.     Moreover, Defendants devote significant web and packaging space to the marketing of their DogStar® Kitchens, which they tell consumers "are the most advanced pet food kitchens on earth, with standards that rival the human food processing industry."

39.     Defendants state on their website that the Orijen pet foods "feature[] unmatched and unique inclusions of meat, naturally providing everything your dog or cat needs to thrive." Defendants further promise on the products' packaging and on its website that its Orijen and Acana pet foods are "guaranteed" to "keep your dog happy, healthy, and strong."[11]

40.     Using such descriptions and promises makes Defendants' advertising campaign deceptive and misleading based on presence of heavy metals in the subject Products. Reasonable consumers, like Plaintiff Vado, would consider the mere inclusion of heavy metals in the Acana and Orijen Products as a material fact in considering what pet food to purchase. Defendants' above-referenced statements, representations, partial disclosures, and omissions are false, misleading, and crafted to deceive the public as they create an image that the Products are healthy, safe, and free of contaminants such as arsenic, cadmium and lead. Moreover, Defendants knew or should have reasonably expected that the presence of heavy metals in its Acana and Orijen pet food Products is

_____

[10] See, e.g.,
https://www.petfoodexpress.com/products/search/#/products/results/search&category=&keywords=acana;
https://www.petfoodexpress.com/products/search/#/products/results/search&category=&keywords=orijen (last visited Oct. 18, 2018).

[11] See footnote 4, supra.

- 14 -

something an average consumer would consider in purchasing pet food. Defendants' representations and omissions are false, misleading, and reasonably likely to deceive the public.

41. Moreover, a reasonable consumer, such as Plaintiff and other members of the Class (as defined hereinbelow), would have no reason to not believe and/or anticipate that the Acana and Orijen pet food products at issue herein are "Biologically Appropriate" foods that use "Fresh Regional Ingredients" consisting only of meat, poultry, fish, and vegetables. Nondisclosure and/or concealment of the chemicals and toxins in the Products coupled with the misrepresentations alleged herein by Defendants suggesting that the pet food provides complete health and is safe is intended to and does, in fact, cause consumers to purchase a product Plaintiff Vado and members of the classes not have bought if the true quality and ingredients were disclosed. As a result of these false or misleading statements and omissions, Defendants have generated substantial sales of the subject Products.

42. The expectations of reasonable consumers and deception of these consumers by Defendants' advertising, misrepresentations, packaging, labeling is further highlighted by the public reaction to this lawsuit as reported by various websites, accessible by the resident citizens of California.

**B.      Bisphenol A Is a Highly Dangerous and Toxic Substance That Was Knowingly Concealed By Defendants in Their Pet Food Products**

43. The dangers of BPA in human food are recognized by the FDA, along with various states, including California. For instance, manufacturers and wholesalers are prohibited from selling any children's products that contain BPA and any infant formula, baby food, or toddler food stored in containers with intentionally added BPA.

44. Still, certain pet food Products are sold by Defendants that contain levels of BPA – an industrial chemical that "'is an endocrine disruptor. It's an industrial chemical that according to Medical News Today' . . . interferes with the production, secretion, transport, action, function and

CLASS ACTION COMPLAINT

elimination of natural hormones.'"[12]   BPA has been linked to various health issues, including reproductive disorders, heart disease, diabetes, cancer, and neurological problems.[13]

45.    Despite the presence of this harmful chemical, Defendants prominently warrant, claim, feature, represent, advertise, or otherwise market the subject pet food Products as made from "Biologically Appropriate" and "Fresh Regional Ingredients" consisting entirely of fresh meat, poultry, fish, and vegetables. Indeed, each bag prominently displays the percentage of these ingredients on the front.

46.    Defendants' website and packaging also warrants, claims, features, represents, advertises, or otherwise markets that its products are natural. In fact, Orijen's slogan is "Nourish as Nature Intended."



47.    In promoting their promise, warranty, claim, representation, advertisement, or otherwise marketing that the subject pet food Products are safe and pure, Defendants further assure and warrants to its customers that the Products at issue in this matter are manufactured in such a way

---

[12] *See* Dr. Karen Becker, A Major Heads Up: Don't Feed This to Your Dog, Healthy Pets (Feb. 13, 2017), https://healthypets.mercola.com/sites/healthypets/archive/2017/02/13/dogs-canned-food-dangers.aspx. (last visited Oct. 6, 2018).  Dr. Becker's article cited a recent study conducted by researchers at the University of Missouri which concluded "that even short-term feeding of canned dog food results in a significant increase of BPA . . . in dogs." *Id.*

[13] *See* Christian Nordquist, *How does bisphenol A affect health?*, Medical News Today (May 24, 2017), https://www.medicalnewstoday.com/articles/221205.php. (last updated May 25, 2017).

CLASS ACTION COMPLAINT

that would prevent BPA and other dangerous chemicals and toxics through a closely monitoring quality control systems:

1.    **BIOLOGICALLY APPROPRIATE**
      **State-of-the-Art Kitchens and Innovation Centre Advance Our Award-Winning Foods.**

Equipped with proprietary state-of-the art fresh meat processing technologies that allow greater meat inclusions than any other dog or cat foods in the world, our award-winning kitchens and research centers are dedicated to advancing ACANA and ORIJEN.

Our ongoing commitment to investing in food processing, food science and research capabilities allows us continually advance our Biologically Appropriate capabilities, bringing ORIJEN foods ever closer to the natural diets of dogs and cats, and firmly establishing ourselves as leaders in the global pet food industry.

2.    **FRESH REGIONAL INGREDIENTS**

      **Fresh Meats Are the Foundation of Our Biologically Appropriate Foods.**

Our kitchens house over 50 different fresh regional meat, poultry and fish ingredients, as well as a variety of local produce.

Our fresh ingredient handling, cooking and sequential drying technologies are all specifically designed to support the dramatic meat inclusions in ORIJEN foods (all from animals fit for human consumption—a rarity among pet food producers).

Put simply, our kitchens and fresh regional ingredient capabilities are unmatched by any other pet food maker anywhere.

3.    **NEVER OUTSOURCED**

      **We've Been Preparing Award-Winning Dog and Cat Foods in Our Own Kitchens For Over a Quarter Century.**

That's why we never outsource — we don't make foods for anyone else and we don't allow anyone else to make our foods either. No other North American pet food brand can make this commitment.

- 17 -

We design, build our own kitchens and we create and produce our own foods, so you can have confidence in knowing where your food comes from.[14]

48.    Thus, Defendants engaged in deceptive advertising and labeling practice by expressly warranting, claiming, stating, featuring, representing, advertising, or otherwise marketing on Acana and Orijen packaging labels and related websites that the subject pet food Products are natural, fit for human consumption, fit for canine consumption, and made from "Biologically Appropriate" and "Fresh Regional Ingredients" consisting entirely of fresh meat, poultry, fish, and vegetables when they contain the non-naturally occurring chemical BPA.

49.    Based on these false representations, Defendants charge a premium, knowing that the claimed natural make-up of the subject pet food Products (as well as all of the other alleged false and/or misleading representations discussed herein) is something an average consumer would consider as a reason in picking a more expensive dog food. By negligently and/or deceptively representing, marketing, and advertising the subject pet food Products as natural, fit for human consumption, fit for canine consumption, natural, and made from "Biologically Appropriate" and "Fresh Regional Ingredients" consisting entirely of fresh meat, poultry, fish, and vegetables, Defendants wrongfully capitalized on, and reaped enormous profits from, consumers' strong preference for natural pet food products.

## C.  Heavy Metals Create Known Risks When Ingested

50.    Toxins like arsenic, mercury, cadmium and lead can cause serious illness to humans and animals. A company should be vigilant to take all reasonable steps to avoid causing family pets to ingest these toxins.[15]

51.    Arsenic is a semi-metallic element in the periodic table. It is odorless and tasteless. Arsenic occurs naturally in the environment as an element of the earth's crust; it is found in rocks, soil, water, air, plants, and animals. Arsenic is combined with other elements such as oxygen, chlorine, and sulfur to form inorganic arsenic compounds. Historically, arsenic compounds were used in many

---

[14] See https://www.orijen.ca/northstar-kitchens/ (last visited Oct. 8, 2018).

[15] See footnotes 5 – 8, supra.

CLASS ACTION COMPLAINT

industries, including: (i) as a preservative in pressure-treated lumber; (ii) as a preservative in animal hides; (iii) as an additive to lead and copper for hardening; (iv) in glass manufacturing; (v) in pesticides; (vi) in animal agriculture; and (vii) as arsine gas to enhance junctions in semiconductors. The United States has canceled the approvals of some of these uses, such as arsenic-based pesticides, for health and safety reasons, but its use still continues to this day in some industries. Some of these cancellations were based on voluntary withdrawals by producers. For example, manufacturers of arsenic-based wood preservatives voluntarily withdrew their products in 2003 due to safety concerns, and the EPA signed the cancellation order. In the Notice of Cancellation Order, the EPA stated that it "believes that reducing the potential residential exposure to a known human carcinogen is desirable." Arsenic is an element that does not degrade or disappear entirely over time.

52.    Inorganic arsenic is also a known cause of human cancer. The relationship between inorganic arsenic and cancer is well documented within the federal regulatory and medical community. As early as 1879, high rates of lung cancer in miners from the Kingdom of Saxony were attributed, in part, to inhaled arsenic. By 1992, the combination of evidence from Taiwan and elsewhere was sufficient to conclude that ingested inorganic arsenic, such as is found in contaminated drinking water and food, was likely to increase the incidence of internal cancers. The scientific link to skin and lung cancers is also particularly strong and longstanding, and evidence supports conclusions that arsenic may cause liver, bladder, kidney, and colon cancers as well.

53.    Lead is a metallic substance formerly used as a pesticide in fruit orchards, but the use of such pesticides is now prohibited in the United States and in the State of California. Lead, unlike many other poisons, builds up in the body over time as the person is exposed to and ingests it, resulting in a cumulative exposure which can, over time, become toxic and seriously injurious to health. Lead poisoning can occur from ingestion of food or water containing lead. Acute or chronic exposure to material amounts of lead can lead to severe brain and kidney damage, among other issues, and ultimately cause death. The FDA has also set standards that regulate the maximum parts per billion of lead permissible in water: bottled water cannot contain more than 5 ppb of total lead or 10 ppb of total arsenic. *See* 21 C.F.R. §165.110(b)(4)(iii)(A).

CLASS ACTION COMPLAINT

54.     Mercury is a known toxin that creates health risks to both humans and animals. The impact of the various ways humans and animals are exposed and ingest mercury has been studied for years. In fact, in as early as 1997, the EPA issued a report to Congress that detailed the health risks to both humans and animals.[16] Based on the toxicity and risks of mercury, regulations have been enacted at both the Federal and California state level.

55.     Likewise, cadmium is a known toxin that creates risk when ingested by animals or humans. It has been specifically noted that "Kidney and bone effects have [] been observed in laboratory animals ingesting cadmium. Anemia, liver disease, and nerve or brain damage have been observed in animals eating or drinking cadmium."[17]

**D.    Defendants Falsely Advertise the Products as Nutritious, Superior Quality, Pure, and Healthy While Omitting Any Mention of the Heavy Metals, as Well as Claim Their Pet Foods Are Natural, Pure, and Safe Despite the Inclusion of the BPA**

56.     Defendants formulate, develop, manufacture, label, package, distribute, market, advertise, and sell their extensive Acana and Orijen lines of dry and freeze-dried pet food products across the United States, including the Products at issue herein.

57.     In 2016, Defendants opened DogStar Kitchens, a 371,100 square foot production facility on 85 acres of land outside Bowling Green, KY. This facility has the capacity to produce up to 220 million pounds of Acana and Orijen pet food per year. The CEO of Champion Pet Foods, Frank Burdzy, said, "The US is our fastest growing market."[18]   Prior to this facility's construction, Defendants' Acana and Orijen products were exclusively manufactured in Canada. Since that facility began production, all Acana and Orijen foods sold in the United States are manufactured at the DogStar Kitchens' Bowling Green, Kentucky facility.

---

[16] See https://www3.epa.gov/airtoxics/112nmerc/volume5.pdf (last visited Oct. 9, 2018).

[17] See https://www.cdc.gov/ToxProfiles/tp5-c!-b.pdf. at pg. 5 (last visited Oct. 9, 2018).

[18] See https://www.foodengineeringmag.com/articles/95994-champion-petfoods-open-dogstar-kitchens at 2 (last visited Oct. 9, 2018).

- 20 -

58.    Defendants have represented that its DogStar Kitchens meet the European Union's standard for pet food ingredients processing. They have also represented a commitment to using fresh and local ingredients, including wild-caught fish.

59.    Defendants warrant, claim, state, represent, advertise, label, and market their Products as natural, fit for human consumption, fit for canine consumption, and made from "Biologically Appropriate" and "Fresh Regional Ingredients" consisting entirely of fresh meat, poultry, fish, and vegetables; containing "only 1 supplement – zinc;" "provid[ing] a natural source of virtually every nutrient your dog needs to thrive;" and "guaranteed to keep your dog healthy, happy and strong." Defendants therefore had a duty to ensure that these statements were true. As such, Defendants knew or should have known that the pet food Products at issue herein included the presence of heavy metals and/or BPA.

60.    Likewise, by warranting, claiming, stating, featuring, representing, advertising or otherwise marketing that Orijen and Acana pet foods, including the subject Products, are natural, fit for human consumption, fit for canine consumption, and made from "Biologically Appropriate" and "Fresh Regional Ingredients" consisting entirely of fresh meat, poultry, fish, and vegetables, Defendants had a known duty to ensure that there were no chemicals or toxins included in the Products. In fact, Defendants offered further assurances by representing that the quality control over the manufacturing of the Products as a rigid process free of outsourcing.

61.    Defendants specifically promise on their website, "[W]e prepare ACANA ourselves, in our own kitchens, where we oversee every detail of food preparation — from where our ingredients come from, to every cooking, quality and food safety process." Similarly, Defendants promise that their "Dogstar® Kitchens have access to a myriad of specialty family farms, with whom we partner for our supply of trusted ingredients." Finally, Defendants' promise "[s]tandards that rival the human food processing industry for authenticity, nutritional integrity, and food safety." According to the Orijen and Acana websites, Defendants use "feature state-of-the-art fresh food processing technologies." As such, Defendants knew or should have known that higher temperatures coupled with the type of containers used in manufacturing create a real risk of BPA in their products.

- 21 -

CLASS ACTION COMPLAINT

62.     The Products at issue herein are available at numerous retail and online outlets in California and are widely advertised in this State, and Defendants employ a Chief Marketing Officer, a Vice President for Customer Engagement, and a Director of Marketing in both the United States and Canada. The official websites for Acana and Orijen display the subject Products; descriptions and full lists of ingredients for these Products and includes the following promises:



63.     Defendants' internet websites repeat the false and misleading claims, warranties, representations, advertisements, and other marketing about the subject pet food Products benefits, quality, purity, and natural make-up, without any mention of the heavy metals and/or BPA they contain.[19] This is not surprising given that natural pet food sales represent over $5.5 billion in the United States and have consistently risen over the years. *Id.*

---

[19] *See* https://www.orijen.ca/us/; https://acana.com/usa/

CLASS ACTION COMPLAINT

64.   Moreover, the Champion Defendants have expressly acknowledged the importance of quality pet food to the reasonable consumer:

> "Our No. 1 mandate is BAFRINO – biologically appropriate, fresh regional ingredients, never outsourced," said Frank Burdzy, president and chief executive officer of Champion Petfoods in Canada, in an interview with the Daily News Monday prior to housewarming activities outside and inside the kitchens. "We build relationships with our suppliers and farms and fisheries. We are trusted by pet owners," Burdzy said.[20]

65.   As a result of Defendants' omissions, a reasonable consumer (such as the Plaintiff) would, and did, have no reason to suspect the presence of heavy metals and/or BPA in the Products at issue herein without conducting their own scientific tests, or reviewing third-party scientific testing of these products.

66.   However, after conducting third-party scientific testing, it is clear that the Subject pet food Products do, in fact, contain levels of both heavy metals and/or BPA to the detriment of Plaintiff and other members of the Class they seek to represent.

67.   Plaintiff brings this action individually and on behalf of all other similarly situated resident consumers within who purchased the Acana and/or Orijen branded pet food Products identified in herein, in order to cause the disclosure of the presence of heavy metals and BPA that pose a known risk to both humans and animals in the subject Products, to correct the false and misleading perception Defendants have created in the minds of consumers that the Products are high quality, safe, and healthy and to obtain redress for those who have purchased said Products including the following:

---

[20] *See* Charles Mason, *Champion Petfoods DogStar Kitchens holds housewarming*, Bowling Green Daily News (Jan. 5, 2016), http://www.bgdailynews.com/news/champion-petfoods-dogstar-kitchens-holds-housewarming/article_bf34275d-2242-5f3f-a9cc-14174235acc1.html

- 23 -

CLASS ACTION COMPLAINT

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28



CLASS ACTION COMPLAINT

1
2
3
4
5
6
7
8
9
10



11
12
13
14
15
16
17
18
19
20



21
22
23
24
25
26
27
28

CLASS ACTION COMPLAINT



CLASS ACTION COMPLAINT

1

2

3

4

5

6

7

8

9

10

11



12

13

14

15

16

17

18

19



20

21

22

23

24

25

26

27

28

- 27 -

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



CLASS ACTION COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12



13
14
15
16
17
18
19
20
21



22
23
24
25
26
27
28

CLASS ACTION COMPLAINT

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CLASS ACTION COMPLAINT





CLASS ACTION COMPLAINT



CLASS ACTION COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12



13
14
15
16
17
18
19
20
21
22
23
24



25
26
27
28

CLASS ACTION COMPLAINT



CLASS ACTION COMPLAINT

1

2

3

4

5

6

7

8

9

10

11

12



13

14

15

16

17

18

19

20

21



22

23

24

25

26

27

28

CLASS ACTION COMPLAINT

CLASS ACTION COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



CLASS ACTION COMPLAINT

CLASS ACTION COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



- 39 -

CLASS ACTION COMPLAINT

CLASS ACTION COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



- 41 -

CLASS ACTION COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



CLASS ACTION COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



CLASS ACTION COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



CLASS ACTION COMPLAINT

CLASS ACTION COMPLAINT

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28



CLASS ACTION COMPLAINT



CLASS ACTION COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14



15
16
17
18
19
20
21
22
23
24
25
26
27
28

CLASS ACTION COMPLAINT



## DEFENDANTS "NATURAL" AND "NON-SYNTHETIC"
## MISREPRESENTATIONS VIOLATE CALIFORNIA LAWS

68.     California law is designed to ensure that a company's claims about its products are truthful and accurate. Defendants violated California law by incorrectly (whether through shear negligence, inadvertence, recklessness or intentional conduct) claiming that the pet food Products at issue are natural and devoid of synthetic chemicals and/or toxins/chemicals that are fit for canine consumption, made from "Biologically Appropriate" and "Fresh Regional Ingredients" and consisting entirely of fresh meat, poultry, fish, and vegetables that provided all the nutrients necessary for the owner's pet to thrive, and were "guaranteed" to "keep your dog happy, healthy, and strong."

69.     Defendants' marketing and advertising campaign has been sufficiently lengthy in duration, and widespread in dissemination, that it would be unrealistic to require Plaintiff Vado to plead relying upon each advertised misrepresentation.

70.     Defendants' Product advertising is also designed to persuade and convince the average pet owner consumer that the Acana and Orijen branded Products at issue herein are pure, healthy. Safe for consumption, and did not contain dangerous or harmful or synthetic ingredients, heavy metals and

- 49 -

chemicals, such as arsenic, cadmium, lead, mercury, and BPA, and have engaged in this long-term advertising campaign to convince potential customers that the Products were devoid of unnatural/non-synthetic ingredients, and thus were safe for pets.

## PLAINTIFF'S RELIANCE WAS REASONABLE AND FORESEEN BY DEFENDANTS

71.     Plaintiff Vado reasonably relied on Defendants' own statements, misrepresentations, and advertising concerning the particular qualities and benefits of the Products.

72.     Plaintiff read and relied upon the labels on the Products in making her purchasing decisions, along with viewing the statements, misrepresentations, and advertising on Defendants' product packaging and labeling and internet websites.  Any reasonable consumer would consider the labeling of Defendants' Products (as well as the other false and/or misleading representations/advertisements as alleged herein) when deciding whether to purchase these Products. Here, Plaintiff Vado expressly relied on the specific statements and misrepresentations by Defendants that the subject pet food Products were natural, fit for canine consumption, and made from "Biologically Appropriate" and "Fresh Regional Ingredients" consisting entirely of fresh meat, poultry, fish, and vegetables; "feature[ing] unmatched and unique inclusions of meat, naturally providing everything your dog or cat needs to thrive;" and were "guaranteed" to "keep your dog happy, healthy, and strong" with no disclosure of the inclusion of heavy metals, including arsenic, cadmium, or lead, and BPA.

73.     A reasonable consumer would consider the advertised labeling of the subject Products when deciding whether to purchase them. Here, Plaintiff Vado has directly relied on the specific statements, marketing and advertising materials and other and misrepresentations by Defendants alleged herein that the Products were natural and did not contain toxic chemicals, or artificial preservatives.

## DEFENDANTS' KNOWLEDGE AND NOTICE OF THEIR BREACHES OF THEIR EXPRESS AND IMPLIED WARRANTIES

74.     Defendants had sufficient notice of their breaches of their express and implied warranties. Defendants had, and have, exclusive knowledge of the physical and chemical make-up of

- 50 -

CLASS ACTION COMPLAINT

the Products they produce, or in the case of Defendant PFE, market and sell directly to consumers in this County and throughout California.

### PRIVITY EXISTS WITH PLAINTIFF AND THE PROPOSED CLASS

75.     Defendants knew that consumers such as Plaintiff Vado and the proposed Class (as defined herein) would be the end purchasers of the Products and the target of their advertising and statements.

76.     Defendants intended that their statements and representations would be considered by the end purchasers of the Products, including Plaintiff and the proposed Class.

77.     Defendants directly marketed to Plaintiff and the proposed Class through statements on their website, labeling, advertising, and packaging.

78.     Defendants have had sufficient notice of their numerous breaches of express and implied warranties occurring within California and detrimentally affecting this State's resident citizens within the applicable statute of limitations.  Defendants have also had exclusive knowledge of the physical and chemical makeup of the Products that are the subject of this action, including the BPA toxin.

79.     Additionally, Defendants received notice of the contaminants in their pet food, including the subject Products, through their "Clean Label Project," which found higher levels of heavy metals and BPA in the Campion USA/Champion LP pet food Products.[21]   In fact, the Clean Label Project revealed to  Defendants the dangerous and toxic nature of their Acana and Orijen branded products and even compared their pet foods Products to those of competitors, and gave Defendants' Products a *one-star rating*, meaning the Defendants' Products contained higher levels of contaminants than other pet food products on the market. *Id.* Defendants' direct involvement and communications by and between the Clean Label Project demonstrates their knowledge about the dangerous and toxic attributes of the subject Products.

---

[21] *See* Clean Label Project, "Orijen: Why Aren't You Listening to Your Customers?", at http://www.cleanlabelproject.org/orijen-customers/ (last visited Oct. 9, 2018).

CLASS ACTION COMPLAINT

80.     Defendants also issued a white paper in defense of the Clean Label Project findings that acknowledges that their products contain heavy metals and BPA.[22] In that same White Paper, Defendants state "[w]e systematically test ORIJEN and ACANA products for heavy metals (arsenic, cadmium, lead and mercury) at two third-party laboratories."

81.     The White Paper discusses the sources of arsenic, cadmium, lead and mercury, and what Defendants contend to be acceptable levels of those heavy metals in pet food.

82.     Defendants did not widely disseminate this White Paper or directly communicated its findings and conclusions to their customers, nor did they change their Product packaging or labeling to include a disclaimer that the Products contain any levels of the heavy metals (or include a copy or reference of the White Paper findings on the Products' packaging or labeling).

83.     Defendants likewise had knowledge of the potential risk and inclusion of BPA in their Products. Defendants have publicly stated they ask their suppliers if the packaging contains BPA while at the same time admitting that they in fact do not perform any tests to confirm that the Products subject to this action are BPA free.

84.     Plaintiff Vado and the proposed Class are the intended beneficiaries of the expressed and implied warranties.

## CLASS ACTION ALLEGATIONS

85.     Plaintiff brings this action individually and on behalf of the following class pursuant to California Code of Civil Procedure § 378, on behalf of the following class:

> All California resident citizens who, from July 1, 2013 to the present, purchased one or more of the Champion Petfoods "Acana" and/or "Orijen" brand-named Products at issue herein for household use, and not for resale (the "Class").

86.     Excluded from the Class are the Defendants, any of their parent companies, subsidiaries, and/or affiliates, officers, directors, legal representatives, employees, co-conspirators, all governmental entities, and any judge, justice, or judicial officer presiding over this matter.

---

[22]*See* http://www.championpetfoods.com/wp-content/themes/champion-petfoods/res/research/Champion-Petfoods-White-Paper-Heavy-Metals.pdf.

CLASS ACTION COMPLAINT

87.     This action is brought and may be properly maintained as a class action. There is a well-defined community of interests in this litigation and the members of the Class are easily ascertainable.

88.     The members in the proposed Class are so numerous that individual joinder of all members is impracticable, and the disposition of the claims of all Class members in a single action will provide substantial benefits to the parties and Court.

89.     Questions of law and fact common to Plaintiff Vado and the Class include, but are not limited to, the following:

(a)     whether Defendants owed a duty of care to the Class;

(b)     whether Defendants represented and continue to represent that the Products are natural and do not contain toxic chemicals, heavy metals (such as arsenic, cadmium, or lead), synthetic ingredients, or artificial preservatives;

(c)     whether Defendants' representations in advertising and/or labeling are false, deceptive, and misleading;

(d)     whether those representations are likely to deceive a reasonable consumer;

(e)     whether Defendants had knowledge that those representations were false, deceptive, and misleading;

(f)     whether Defendants continue to disseminate those representations despite knowledge that the representations are false, deceptive, and misleading;

(g)     whether a representation that a product is natural and does not contain artificial preservatives is material to a reasonable consumer;

(h)     whether Defendants' representations and claims that the Products are natural and do not contain artificial preservatives are likely to mislead, deceive, confuse, or confound consumers acting reasonably;

(i)     whether Defendants violated California Business & Professions Code sections 17200, *et seq.*;

- 53 -

1

2

        (j)     whether Defendants violated California Business & Professions Code sections 17500, *et seq.*;

3

4

        (k)     whether Defendants violated California Civil Code sections 1750, *et seq.*;

5

6

        (l)     whether Defendants were unjustly enriched;

7

        (m)     whether Plaintiff Vado and the members of the Class are entitled to actual, statutory, and punitive damages; and

8

9

        (n)     whether Plaintiff and members of the Class are entitled to declaratory and injunctive relief.

10

    90.    Defendants engaged in a common course of conduct giving rise to the legal rights

11

sought to be enforced by Plaintiff individually and on behalf of the other members of the Class.

12

Identical statutory violations and business practices and harms are involved. Individual questions, if

13

any, are not prevalent in comparison to the numerous common questions that dominate this action.

14

    91.    Plaintiff's claims are typical of Class members' claims in that they are based on the

15

same underlying facts, events, and circumstances relating to Defendants' conduct.

16

    92.    Plaintiff Vado will fairly and adequately represent and protect the interests of the Class,

17

have no interests that are incompatible with the interests of the Class, and have retained counsel

18

competent and experienced in class action, consumer protection, and false advertising litigation.

19

    93.    Class treatment is superior to other options for resolution of the controversy because

20

the relief sought for each Class member is small such that, absent representative litigation, it would be

21

infeasible for Class members to redress the wrongs done to them.

22

    94.    Questions of law and fact common to the Class predominate over any questions

23

affecting only individual Class members.

24

    95.    As a result of the foregoing, Class treatment is appropriate.

25

26

27

28

CLASS ACTION COMPLAINT

## COUNT I
### (Negligent Misrepresentation Against All Defendants)

96.    Plaintiff Vado incorporates by reference and realleges each and every allegation contained above, as though fully set forth herein.

97.    Plaintiff reasonably placed their trust and reliance in Defendants that the Products marketed and advertised to her and the Class were natural and did not contain artificial preservatives, chemical or toxins, including BPA.

98.    Because of the relationship between the parties, the Defendants owed a duty to use reasonable care to impart correct and reliable disclosures concerning the use of unnatural ingredients and artificial preservatives in making the Products or, based upon their superior knowledge, having spoken, to say enough to not be misleading.

99.    Defendants breached their duty to Plaintiff and the Class by providing false, misleading, and/or deceptive information regarding the nature of the Products.

100.    Plaintiff and the Class reasonably and justifiably relied upon the information supplied to them by the Defendants. As a result, Plaintiff Vado and the Class purchased the Products at a premium.

101.    Defendants failed to use reasonable care in their communications and representations to Plaintiff Vado and the Class.

102.    By virtue of Defendants' negligent misrepresentations, Plaintiff and the Class have been damaged in an amount to be proven at trial or alternatively, seek rescission and restitutionary disgorgement under this count.

## COUNT II
### (Violations of California's Consumer Legal Remedies Act, California Civil Code §§1750, Et Seq., Against All Defendants)

103.    Plaintiff Vado incorporates by reference and realleges each and every allegation contained above, as though fully set forth herein.

104.    Plaintiff and each proposed Class member are a "consumer," as that term is defined in California Civil Code section 1761(d).

105.    The Products are "goods," as that term is defined in California Civil Code section 1761(a).

106.    Each Defendant is a "person" as that term is defined in California Civil Code section 1761(c).

107.    Plaintiff and each Class member's purchase of Defendants' Products constituted a "transaction," as that term is defined in California Civil Code section 1761(e).

108.    Defendants' conduct alleged herein violates the following provisions of California's Consumer Legal Remedies Act (the "CLRA"):

(a)    California Civil Code section 1770(a)(5), by representing that the Products are natural and contain no synthetic ingredients or artificial preservatives;

(b)    California Civil Code section 1770(a)(7), by representing that the Products were of a particular standard, quality, or grade, when they were of another;

(c)    California Civil Code section 1770(a)(9), by advertising the Products with intent not to sell them as advertised; and

(d)    California Civil Code section 1770(a)(16), by representing that the Products have been supplied in accordance with previous representations when they have not.

109.    As a direct and proximate result of these violations, Plaintiff and the Class have been harmed, and that harm will continue unless Defendants are enjoined from using the misleading marketing described herein in any manner in connection with the advertising and sale of the Products.

110.    Pursuant to § 1782(a) of the CLRA, and concurrent with the filing of this complaint, Plaintiff separately notified each of the Defendants through their registered agent for service of process in accordance with § 1770(a)(1) of the particular violations of § 1770 and demanded that Defendants correct, remedy or otherwise rectify the actions described above and give notice to all similarly affected California consumer Class members of their intention to do so.

111.    In the event Defendants fail to respond to Plaintiff's demand within 30 days of service of such notice and demand for relief, pursuant to § 1782(d) of the CLRA Plaintiff will filed an amendment to this complaint to seek both injunctive relief and actual damages, plus punitive damages,

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

interest and attorneys' fees jointly against Defendants.  Additionally, Plaintiff also seek to recover up to $5,000 for each eligible senior citizen and disabled Class member who purchased Champion USA or Champion LP cat or dog pet food Products for their pets as provided for under § 1780(b) of the CLRA.

## COUNT III
### (Violations of California False Advertising Law, California Business & Professions Code §§17500, *Et Seq.*, Against All Defendants)

112.   Plaintiff incorporates by reference and realleges each and every allegation contained above, as though fully set forth herein.

113.   California's False Advertising Law prohibits any statement in connection with the sale of goods "which is untrue or misleading." Cal. Bus. & Prof. Code §17500.

114.   As set forth herein, Defendants' claims that the Products are natural and do not contain artificial preservatives are literally false and likely to deceive the public.

115.   Defendants' claims that the Products are natural and do not contain artificial preservatives are untrue or misleading.

116.   Defendants knew, or reasonably should have known, that the claims were untrue or misleading.

117.   Defendants' conduct is ongoing and continuing, such that prospective injunctive relief is necessary, especially given Plaintiff's desire to purchase these Products in the future if they can be assured that, so long as the Products are advertised as natural and without artificial preservatives, or toxic chemicals or heavy metals, truly are "natural" and do not contain any artificial preservatives.

118.   Plaintiff and members of the Class are entitled to injunctive and equitable relief, and restitution in the amount they spent on the Products.

## COUNT IV
### (Violations of the Unfair Competition Law, California Business & Professions Code §§17200, *Et Seq.*, Against All Defendants)

119.   Plaintiff incorporates by reference and realleges each and every allegation contained above, as though fully set forth herein.

- 57 -

120.    The Unfair Competition Law prohibits any "unlawful, unfair or fraudulent business act or practice." Cal. Bus. & Prof. Code §17200.

**Fraudulent**

121.    Defendants' statements that the Products are natural and do not contain artificial preservatives are literally false and likely to deceive the public.

**Unlawful**

122.    As alleged herein, Defendants have advertised the Products with false or misleading claims, such that Defendants' actions as alleged herein violate at least the following laws:

> • The CLRA, California Business & Professions Code sections 1750, *et seq.*; and
>
> • The False Advertising Law, California Business & Professions Code sections 17500, *et seq.*

**Unfair**

123.    Defendants' conduct with respect to the labeling, advertising, marketing, and sale of the Products is unfair because Defendants' conduct was immoral, unethical, unscrupulous, or substantially injurious to consumers and the utility of their conduct, if any, does not outweigh the gravity of the harm to their victims.

124.    Defendants' conduct with respect to the labeling, advertising, marketing, and sale of the Products is also unfair because it violates public policy as declared by specific constitutional, statutory, or regulatory provisions, including, but not limited to, the False Advertising Law and the CLRA.

125.    Defendants' conduct with respect to the labeling, advertising, marketing, and sale of the Products is also unfair because the consumer injury is substantial, not outweighed by benefits to consumers or competition, and not one consumers', themselves, can reasonably avoid.

126.    In accordance with California Business & Professions Code section 17203, Plaintiff Vado seeks an order enjoining Defendants from continuing to conduct business through fraudulent or

- 58 -

unlawful acts and practices and to commence a corrective advertising campaign. Defendants' conduct is ongoing and continuing, such that prospective injunctive relief is necessary.

127.    On behalf of herself and the Class, Plaintiff also seeks an order for the restitution of all monies from the sale the Products, which were unjustly acquired through acts of fraudulent, unfair, or unlawful competition.

## COUNT V
### (Breach of Express Warranty,
### California Commercial Code §2313, Against The Champion Defendants)

128.    Plaintiff incorporates by reference and realleges each and every allegation contained above, as though fully set forth herein.

129.    As set forth herein, Defendants made express representations to Plaintiff and the Class that the Products were natural and did not contain artificial preservatives.

130.    These promises became part of the basis of the bargain between the parties and thus constituted express warranties.

131.    There was a sale of goods from Defendants to Plaintiff Vado and other Class members.

132.    On the basis of these express warranties, Defendants sold to Plaintiff Vado  and the Class the Products.

133.    Defendants knowingly breached the express warranties by including one or more unnatural and/or synthetic and artificial ingredients in the Products.

134.    Defendants knowingly breached the express warranties by including one or more artificial preservatives in the Products.

135.    Defendants were on notice of this breach as they were aware of the included unnatural Ingredients and artificial preservatives in the Products.

136.    Privity exists because Defendants expressly warranted to Plaintiff Vado and the Class that the Products did not contain preservatives through the marketing and labeling.

137.    Plaintiff and the Class reasonably relied on the express warranties by Defendants.

138.    As a result of Defendants' breaches of their express warranties, Plaintiff and the Class sustained damages as they paid money for the Products that were not what Defendants represented.

CLASS ACTION COMPLAINT

139.    Plaintiff Vado, on behalf of herself and the Class, seeks actual damages for Defendants' breach of warranty.

## COUNT VI
### (Breach of Implied Warranty, California Commercial Code §2314, Against The Champion Defendants)

140.    Plaintiff incorporates by reference and realleges each and every allegation contained above, as though fully set forth herein.

141.    As set forth herein, Defendants made affirmations of fact on the Products' labels to Plaintiff Vado and the Class that the Products were natural and free of artificial preservatives.

142.    The Products did not conform to these affirmations and promises as they contained unnatural ingredients and artificial preservatives.

143.    These promises became part of the basis of the bargain between the parties and thus constituted express warranties.

144.    Defendants are merchants engaging in the sale of goods to Plaintiff and the Class.

145.    There was a sale of goods from Defendants to Plaintiff and the Class members.

146.    Defendants breached the implied warranties by selling the Products that failed to conform to the promises or affirmations of fact made on the container or label as each Product contained one or more artificial preservatives.

147.    Defendants were on notice of this breach as they were aware of the unnatural ingredients included in the Products (including the existence of heavy metals and BPA).

148.    Defendants were on notice of this breach as they were aware of the artificial preservatives, toxins and harmful heavy metals contained in the Products.

149.    Privity exists because Defendants expressly warranted to Plaintiff and the Class that the Products were natural and did not contain artificial preservatives, heavy metals or toxins through the advertising, marketing, and labeling.

150.    As a result of Defendants' breaches of their implied warranties of merchantability, Plaintiff and the Class sustained damages as they paid money for the Products that were not what Defendants represented.

- 60 -

CLASS ACTION COMPLAINT

151.   Plaintiff, on behalf of herself and the Class, seek actual damages for Defendants' breach of warranty.

## COUNT VII
### (Quasi-Contract Against All Defendants)

152.   Plaintiff incorporates by reference and realleges each and every allegation contained above, as though fully set forth herein.

153.   Defendants unjustly retained a benefit at the expense of Plaintiff Vado and the members of the Class in the form of substantial revenues and payments from Plaintiff and the members of the Class for the Products and from Defendants' conduct in misrepresenting the Products in labels and advertisements, including in store advertisements posted by Defendant PFE and DOES 1 thought 100.

154.   Based on the mistake, Plaintiff and the members of the Class paid for the Products for a price materially higher than that which would have received had the true facts been disclosed to Plaintiff and other members of the Class.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Vado, on behalf of herself and all others similarly situated, prays for judgment against the Defendants as to each and every count, including:

A.   An order declaring this action to be a proper class action, appointing Plaintiff Vado and her counsel to represent the Class, and requiring Defendants to bear the costs of class notice;

B.   An order enjoining Defendants from selling the Products in any manner suggesting or implying that they are natural and free of artificial preservatives, heavy metals, toxins and dangerous chemicals;

C.   An order requiring Defendants to engage in a corrective advertising campaign and engage in any further necessary affirmative injunctive relief, such as recalling existing products;

D.   An order awarding declaratory relief, and any further retrospective or prospective injunctive relief permitted by law or equity, including enjoining Defendants from continuing the unlawful practices alleged herein, and injunctive relief to remedy Defendants' past misconduct;

E.   An order requiring Defendants to pay restitution to restore all funds acquired by means of any act or practice declared by this Court to be an unlawful, unfair, or fraudulent business act or

CLASS ACTION COMPLAINT

1  practice, untrue or misleading advertising, or a violation of the Unfair Competition Law, False

2  Advertising Law, or CLRA, plus pre- and post-judgment interest thereon;

3      F.      An order requiring Defendants to disgorge or return all monies, revenues, and profits

4  obtained by means of any wrongful or unlawful act or practice;

5      G.      An order requiring Defendants to pay all actual and statutory damages permitted under

6  the causes of action alleged herein;

7      H.      An order requiring Defendants to pay punitive damages on any cause of action so

8  allowable;

9      I.      An order awarding attorneys' fees and costs to Plaintiff and the Class; and

10     J.      An order providing for all other such equitable relief as may be just and proper.

11  ## JURY DEMAND

12     Plaintiff Jesika Vado hereby demands a trial by jury on all issues so triable.

13  DATED: October 22, 2018                    Respectfully submitted,

14

15                                             FINKELSTEIN & KRINSK LLP

16                                             By:

17                                             Jeffrey R. Krinsk
                                               Joshua C. Anaya
18                                             550 West C Street, Suite 1760
                                               San Diego, CA 92101-3593
19                                             Telephone: (619) 238-1333
                                               Facsimile: (619) 238-5425
20                                                  – and –
21                                             Mark L. Knutson, Esq. (SBN 131770)
                                               Law Offices of Mark L. Knutson, APC
22                                             1554 Plantation Way
                                               El Cajon, CA 92019
23                                             Telephone: (619) 334-9979

24                                             *Attorneys for Plaintiff and the Class*

25

26

27

28

- 62 -

CLASS ACTION COMPLAINT

20999538

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*

FINKELSTEIN & KRINSK LLP
Jeffrey R. Krinsk (109234)/Joshua Anaya (265444)
550 West C Street, Suite 1760
San Diego, CA 92101

TELEPHONE NO.: (619) 238-1333   FAX NO.: (619) 238-5425

ATTORNEY FOR *(Name):* Plaintiff Jesika Vado

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA**
STREET ADDRESS: 1225 Fallon Street
MAILING ADDRESS: 1225 Fallon Street
CITY AND ZIP CODE: Oakland 94612
BRANCH NAME: Rene C. Davidson Courthouse

CASE NAME:
Jesika Vado v. Champion Petfoods USA, Inc. et al.

FOR COURT USE ONLY

FILED
ALAMEDA COUNTY
OCT 22 2018
CLERK OF THE SUPERIOR COURT
By _____

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| ✔ Unlimited (Amount demanded exceeds $25,000) | ☐ Limited (Amount demanded is $25,000 or less) | ☐ Counter  ☐ Joinder  Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | | RG 18925590  JUDGE:  DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
✔ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ✔ is ☐ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ✔ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ✔ monetary  b. ✔ nonmonetary; declaratory or injunctive relief  c. ✔ punitive
4. Number of causes of action *(specify):* 7: Misrep;CLRA; False adv; UCL;Breach:express,implied; Quasi-contract
5. This case ✔ is ☐ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 10-22-2018

Jeffrey R. Krinsk
(TYPE OR PRINT NAME)                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

Jesika Vado v. Champion Petfoods USA, Inc., Docket No. RG18925598 (Cal. Super. Ct. Oct. 22, 2018), Court Docket

# General Information

**Court**                    California Superior Court, Alameda County

**Docket Number**            RG18925598

**Status**                   OPEN

Bloomberg Law®                                  © 2018 The Bureau of National Affairs, Inc. All Rights Reserved. Terms of Service

THE SUPERIOR COURT OF CALIFORNIA

# COUNTY OF ALAMEDA

Log In  | Select Language ▼ |  Español  |  Tiếng Việt  |  ਪੰਜਾਬੀ  |  简体中文  |  繁體中文

## DomainWeb
*your resource for case filing information*

**Buy Credits**
**0** Credit(s)



**Checkout (0 item(s))**

**DomainWeb**   **How This Site Works**   **FAQ**

## Case Details

**Case Number:**
**RG18925598**

**Title: Vado VS Champion Petfoods USA, Inc.**

| Case Summary | Register of Action | Participants |
|---|---|---|
| Tentative Rulings | Future Hearings | Minutes |

| Date | Description | Pages | Price | | Select ☐ |
|---|---|---|---|---|---|
| 10/22/2018 | Complaint Business Tort/Unfair Business Practice Filed | 63 | $34.00 | Half Page Preview | ☐ |
| 10/22/2018 | Civil Case Cover Sheet Filed for Jesika Vado | 3 | $3.00 | Half Page Preview | ☐ |
| 10/22/2018 | Complex Designation Requested | | | | |
| 10/22/2018 | Summons on Complaint | 1 | $1.00 | Half Page Preview | ☐ |



| Date | Description | Pages | Price | Select ☐ |
|------|-------------|-------|-------|----------|
|  | Issued and Filed |  |  |  |

Page: 1 of 1

Add Item(s) to buy

Back to Search Results

Feedback    Use and Privacy Policy    System Requirements    Contact Us    ® 2018 - Superior

Finkelstein & Krinsk LLP
Attn: Krinsk, Jeffrey R
550 West C St
Ste 1760
San Diego, CA   92101

Champion Petfoods USA, Inc.

**F̶ I̶ L̶ E D̶**

OCT ᵗ 0 2018

Steven R. Director

## Superior Court of California, County of Alameda
## Rene C. Davidson Alameda County Courthouse

| | |
|---|---|
| Vado<br><div align="right">Plaintiff/Petitioner(s)</div><div align="center">VS.</div>Champion Petfoods USA, Inc.<br><div align="right">Defendant/Respondent(s)</div><div align="center">(Abbreviated Title)</div> | No. <u>RG18925598</u><br><br><br><div align="center">NOTICE OF HEARING</div> |

To each party or to the attorney(s) of record for each party herein:

Notice is hereby given that the above-entitled action has been set for:

<div align="center">Complex Determination Hearing<br>Case Management Conference</div>

You are hereby notified to appear at the following Court location on the date and time noted below:

Complex Determination Hearing:
DATE: 01/15/2019    TIME: 03:00 PM    DEPARTMENT: 23
LOCATION:  Administration Building, Fourth Floor
            1221 Oak Street, Oakland

Case Management Conference:
DATE: 03/05/2019    TIME: 03:00 PM    DEPARTMENT: 23
LOCATION:  Administration Building, Fourth Floor
            1221 Oak Street, Oakland

Pursuant to California Rules of Court, Rule 3.400 et seq. and Local Rule 3.250 (Unified Rules of the Superior Court, County of Alameda), the above-entitled matter is set for a Complex Litigation Determination Hearing and Initial Complex Case Management Conference.

Department 23 issues tentative rulings on DomainWeb (www.alameda.courts.ca.gov/domainweb). For parties lacking access to DomainWeb, the tentative ruling must be obtained from the clerk at (510) 267-6939.  Please consult Rule 3.30(c) of the Unified Rules of the Superior Court, County of Alameda, concerning the tentative ruling procedures for Department 23.

Counsel or party requesting complex litigation designation is ordered to serve a copy of this notice on all parties omitted from this notice or brought into the action after this notice was mailed.

All counsel of record and any unrepresented parties are ordered to attend this Initial Complex Case Management Conference unless otherwise notified by the Court.

Failure to appear, comply with local rules or provide a Case Management Conference statement may result in sanctions.  Case Management Statements may be filed by E-Delivery, by submitting directly to the E-Delivery Fax Number (510) 267-5732.  No fee is charged for this service.  For further information, go to **Direct Calendar Departments** at

http://apps.alameda.courts.ca.gov/domainweb.

All motions in this matter to be heard prior to Complex Litigation Determination Hearing must be scheduled for hearing in Department 23.

If the information contained in this notice requires change or clarification, please contact the courtroom clerk for Department 23 by e-mail at Dept.23@alameda.courts.ca.gov or by phone at (510) 267-6939.

TELEPHONIC COURT APPEARANCES at Case Management Conferences may be available by contacting CourtCall, an independent vendor, at least 3 business days prior to the scheduled conference. Parties can make arrangements by calling (888) 882-6878, or faxing a service request form to (888) 883-2946. This service is subject to charges by the vendor.

Dated: 10/24/2018                   Chad Finke  Executive Officer / Clerk of the Superior Court

                                    By      _____

                                                                      Deputy Clerk

_____

### CLERK'S CERTIFICATE OF MAILING

I certify that the following is true and correct:  I am the clerk of the above-named court and not a party to this cause.  I served this Notice by placing copies in envelopes addressed as shown hereon and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Alameda County, California, following standard court practices.

        Executed on 10/25/2018.

                                    By      _____

                                                                      Deputy Clerk

1    FINKELSTEIN & KRINSK LLP
     JEFFREY R. KRINSK (109234)
2    JRK@CLASSACTIONLAW.COM
     JOSHUA C. ANAYA (265444)
3    JCA@CLASSACTIONLAW.COM
     550 WEST C STREET, SUITE 1760
4    SAN DIEGO, CA 92101
     TEL.: (619) 238-1333
5    FAX: (619) 238-5425

6
     *Attorneys for Plaintiff*
7

8

9

10              **SUPERIOR COURT FOR THE STATE OF CALIFORNIA**

11                        **COUNTY OF ALAMEDA**

12   JESIKA VADO, Individually and on Behalf of   Case No: RG18925598
     All Others Similarly Situated,
13

14                    Plaintiff,                   **PROOF OF SERVICE**
     v.
15
     CHAMPION   PETFOODS   USA,   INC.   and
16   CHAMPION   PETFOODS   LP,   PET   FOOD
     EXPRESS, LTD., and DOES 1 through 100,
17   Inclusive,

18                    Defendants.
19

20

21

22

23

24

25

26

27

28

_____
PROOF OF SERVICE                                  CASE NO: RG18925598

1       I am employed in the County of San Diego.  I am over the age of eighteen and am not a party

2 to the within entitled action.  My business address is 550 West C Street, Suite 1760, San Diego,

3 California 92101.

4       On October 26, 2018, I served a copy of the following:

5       1.  Notice of hearing – Complex determination hearing and case management

6          conference.

7     **[X]**    **[BY U.S. MAIL]:** I enclosed the document(s) in a sealed envelope or package to the

8 persons at the addresses below.  I placed the envelope or package for collection and mailing,

9 following our ordinary business practices.  I am readily familiar with this business's practice for

10 collecting and processing correspondence for mailing.  On the same day that correspondence is

11 placed for collection and mailing, it is deposited in the ordinary course of business with the United

12 States Postal Service, in a sealed envelope with postage fully prepaid.

13     **[]**    **[BY ELECTRONIC MAIL]:** I served the referenced document(s) via electronic

14 mail upon the below listed persons at the electronic service address each party has furnished to the

15 court in this action.

16
17 Champion Petfoods USA, Inc.               Pet Food Express, Ltd.
Agent: The Delaware Corporation Agency    Agent: John Douglas Moore

18 600 N. King Street, Suite 400              1999 Harrison Street, 18th Floor
Wilmington, DE 19801                  Oakland, CA 94612

19 Champion Petfoods LP

20 Agent: The Delaware Corporation Agency    *Registered agent for the above-listed defendant*
600 N. King Street, Suite 400

21 Wilmington, DE 19801

22 *Registered agent for the above-listed defendants*

23
24
25
26
27
28

PROOF OF SERVICE                              CASE NO: RG18925598

1    I declare under penalty of perjury under the laws of the State of California that the foregoing

2    is true and correct.

3        Executed on October 26, 2018, in San Diego, California.

4

5                                    Shelby Ramsey

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 2 -

# THE DELAWARE CORPORATION AGENCY, INC.

ENTITY    SERVICES

600 N. KING STREET, SUITE 400
P.O. BOX 25130
WILMINGTON, DE 19899



02 1P
0000882371          OCT 30 2018
MAILED FROM ZIP CODE 19801

$ 000.89⁰

11/6/18
FW

Champion Petfoods USA Inc.
c/o Greenberg Traurig, P.A.
Attn: David A. Coulson, Esq.
333 SE 2nd Avenue
Suite 4400
Miami, FL  33131

600 N. KING STREET, SUITE 400
P.O. BOX 25130
WILMINGTON, DE 19899
ZIP CODE FOR DELIVERIES 19801

# THE DELAWARE CORPORATION AGENCY, INC

E   N   T   I   T   Y       S   E   R   V   I   C   E   S

302-429-9550
(FAX) 302-658-6395

### *SERVICE OF PROCESS SUMMARY TRANSMITTAL*

TO:   Champion Petfoods USA Inc.
      c/o Greenberg Traurig, P.A.
      Attn: David A. Coulson, Esq.
      333 SE 2nd Avenue
      Suite 4400
      Miami, FL 33131

Matter#   DCA #1913-00001

Entity Served:   **Champion Petfoods USA, Inc. and Champion Petfoods LP**

Enclosed herewith are legal documents received on behalf of the above-captioned entity by The Delaware Corporation Agency, Inc., or its Affiliate in the State of Delaware on this **October 30, 2018**. The following is a summary of the document(s) received:

1. Title of Action:   Notice of Hearing and Proof of Service

2. Document(s) served:

| ___Summons | ___Subpoena | _X_ Notice of Hearing |
|---|---|---|
| ___Complaint | ___Third Party Complaint | ___Notice |
| ___Petition | ___Demand for Jury Trial | ___Mechanics Lien |
| ___Garnishment | ___Default Judgment | ___Address Verification |

3. Court of Jurisdiction      Superior Court of the state of California, County of Alameda

   Case & Docket Number:   Vado v. Champion Petfoods USA Inc. No. RG18925598

   Amount Claimed, if any:   $

5. Method of Service:
   ___ Delivered by Sheriff      ___Certified Mail      _X_ Regular Mail      ___ Federal Express

   6. Date and Time of Receipt: October 30, 2018 at 3:00 p.m.

   7. Appearance/Answer Date: N/A

   8. Received From: Finkelstein & Krinsk LLP

9. Delivery Method to client: **Regular Mail and Email**

10. Call Made to: n/a

11. Copies to:   **File**

12. Special Instructions/Comments:

13. Transmitted by: **Whitney C. Phillips**

The information in this Summary Transmittal Form is provided by The Delaware Corporation Agency, Inc. for informational purposes only and should not be considered a legal opinion. It is the responsibility of the parties receiving this form to review the legal documents forwarded and to take appropriate action.

{BAY:03383549v1}

Finkelstein & Krinsk LLP
550 West C Street, Suite 1760
San Diego, CA 92101

CA 920
26 OCT '18
PM 5 L



UNITED STATES POSTAGE
PITNEY BOWES

02 1P $000.68⁰
0000738050 OCT 26 2018
MAILED FROM ZIP CODE 92101

Champion Petfoods USA, Inc.
Agent: The Delaware Corporation Agency
600 N. King Street, Suite 400
Wilmington, DE 19801

{9801-372200}