UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESIKA VADO,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CHAMPION PETFOODS USA, INC., et al.,<br><br>　　　　Defendants. | Case No. 18-cv-07118-JCS<br><br>**ORDER DENYING MOTION TO REMAND AND GRANTING MOTION TO STAY**<br><br>Re: Dkt. Nos. 4, 10 |

## I. INTRODUCTION

On October 22, 2018, Plaintiff Jesika Vado filed a putative class action against Champion Petfoods USA, Inc., Champion Petfoods LP (collectively, "Champion") and Pet Food Express, Ltd. ("Pet Food Express") in the Superior Court of the State of California, County of Alameda. Champion removed the action to this Court under the Class Action Fairness Act ("CAFA"), 28 U.S.C. §§ 1332(d) and 1453. Presently before the Court are: 1) Defendant Champion's Motion to Stay Action or, in the Alternative, to Dismiss ("Motion to Stay or Dismiss"); and 2) Defendant Pet Food Express's Motion for Remand to State Court ("Motion to Remand"). Plaintiff filed an opposition to the Motion to Stay or Dismiss but did not join in or file an opposition to the Motion to Remand. Pet Food Express did not file an opposition to the Motion to Stay or Dismiss. The Court finds that the motions are suitable for determination without oral argument and therefore vacates the hearing set for February 22, 2019 at 9:30 a.m. The Court also vacates the Initial Case Management Conference set for the same date. For the reasons stated below, the Motion to Remand is DENIED. The Motion to Stay or Dismiss is GRANTED. This case is STAYED.[1]

---

[1] The parties have consented to the jurisdiction of the undersigned magistrate judge pursuant to 28 U.S.C.

## II. BACKGROUND

### A. Complaint

In the Complaint, Vado alleges that Champion deceptively marketed its Acana and Orijen brand pet foods (the "Pet Food Products") as "Biologically Appropriate" and "designed to nourish dogs and cats according to their evolutionary adaptation to a diet rich and diverse in fresh meat and protein" when the products allegedly contained "harmful chemicals, toxins and artificial and/or synthetic ingredients." Compl. ¶ 1. She alleges that she purchased the Pet Food Products at Pet Food Express, which sells Champion's Acana and Orijen pet food. *Id*. ¶¶ 13, 17. Vado asserts claims for (1) negligent misrepresentation against all Defendants (*id*. ¶¶ 96-102); (2) violations of California's Consumer Legal Remedies Act, Ca. Civ. Code §§ 1750 *et seq*., against all Defendants (*id*. ¶¶ 103-111); (3) violations of California False Advertising Law, Ca. Bus. & Prof. Code §§ 17500 *et seq*., against all Defendants (*id*. ¶¶ 112-118); (4) violations of the Unfair Competition Law, Ca. Bus. & Prof. Code §§ 17200 *et seq*., against all Defendants (*id*. ¶¶ 119-127); (5) breach of express warranty, against Champion (*id*. ¶¶ 128-139); (6) breach of implied warranty, against Champion (*id*. ¶¶ 140-151); and (7) quasi-contract, against all Defendants (*id*. ¶¶ 152-154). She asserts her claims on behalf of a putative class consisting of all California residents who purchased Acana and/or Orijen products for household use from July 1, 2013 to the present. *Id.* ¶ 85. With respect to all Defendants, Vado seeks to recover actual damages, injunctive and declaratory relief, and attorneys' fees and costs. *Id*., Prayer for Relief.

Vado alleges that she is a resident of California. *Id.* ¶ 13. She further alleges that Champion Petfoods USA Inc. is a Delaware corporation, with its principal place of business located in Kentucky. *Id.* ¶ 15. She alleges that Champion Petfoods LP is a Canadian limited partnership with its principal place of business in Edmonton, Alberta. *Id.* ¶ 16. Pet Food Express is alleged to be a pet food retailer with its headquarters in California. *Id*. ¶¶ 13, 74.

### B. The Removal

Champion removed Vado's action to federal court on November 21, 2018, asserting that jurisdiction is proper under CAFA. First, Champion contends there are at least 100 members in the putative class, pointing to Vado's allegation that "[t]he Class is so numerous that joinder of all

members is impracticable." Notice of Removal, ¶ 11 (citing Compl. ¶ 88.). Champion further alleges that "Champion's Pet Food Products were purchased by thousands of California residents during the period in question, July 2013 through November 2018." *Id*. Second, Champion asserts that there is minimal diversity because Vado and all of the members of the putative class are residents of California, while Champion Petfoods USA is a Delaware corporation, with its principal place of business located in Kentucky, and Champion Petfoods LP is a Canadian limited partnership with its principal place of business in Edmonton, Alberta. *Id.* ¶¶ 13-16. Finally, Champion alleges that "the retail sales of its Acana and Orijen products to the putative class of California residents were over $5 million in each and every year from 2013 through the present, and thus, in the aggregate, far exceed CAFA's $5 million amount-in-controversy requirement." *Id.* ¶¶ 17-22.

### C. Other Actions Against Champion

In 2018, fifteen class actions were filed against Champion throughout the United States.[2] Pet Food Express concedes that at least 11 of these cases make "the same allegations as this case involving the same Champion products." Motion to Remand at 5. One of these cases, *Reitman v. Champion*, Case No. 2:18-cv-01736-DOC-JPR ("*Reitman*"), was filed in the federal district court for the Central District of California on March 1, 2018. Declaration of Michael D. Lane in Support of Motion to Stay Action or, in the Alternative, to Dismiss ("Lane Decl.") ¶ 3. The operative complaint in *Reitman*, the Second Amended Complaint ("SAC"), was filed on October 16, 2018. Champion brought a motion to dismiss on October 30, 2018 in that case, which the court denied on February 6, 2019. *See Reitman* Docket No. 133.[3]

---

[2] The Court takes judicial notice that the following cases were filed against Champion in 2018: *Reitman v. Champion*, Case No. 2:18-cv-01736-DOC-JPR (C.D. Cal.); *Loeb v. Champion*, Case No. 18-cv-494(JPS) (E.D. Wisc.); *Blackburn v. Champion*, Case No. 1:18-cv-38 (S.D. Iowa); *Colangelo v. Champion*, 6:18-cv-01228-LEK-DEP (N.D.N.Y.); *Ficarelli v. Champion*, Case No. 3:18-cv-0361 (M.D. Tenn.); *Jerding v. Champion*, Case No. 1:18-cv-02756 (D. Col.); *Rydman v. Champion*, Case No. 2:18-cv-01578-RSM (D. Wash.); *Shaker v. Champion*, Case No. 2:18-cv-13603 (E.D. Mich.); *Song v. Champion*, Case No. 0:18-cv-03205-PJS-KMM (D. Minn.); *Zarinebaf v. Champion*, Case No. 1:18-cv-6951 (N.D. Ill.); *Leppert v. Champion*, Case No. 1:18-cv-04347 (N.D. Ill.); *Slawsby v. Champion*, Case No. 1:18-cv-10701-GAO (D. Mass.); *Cesare v. Champion*, Case No. 2:18-cv-00744-CB (W.D. Pa.); *Simpson v. Champion*, Case No. 2:18-cv-00074-WOB (E.D. Ky.); *Hodge v. Champion*, Case No. 1:18-cv-248-TSB (W.D. Ohio).
[3] To the extent that Judge Carter rejected in *Reitman* arguments regarding the sufficiency of the

3

A comparison of the Second Amended Complaint in *Reitman* with the Complaint in this case reveals that the complaints are extremely similar, asserting most of the same claims[4] and alleging essentially the same wrongful conduct on the part of Champion. The proposed class definition in the two cases is the same. The complaints differ to the extent that the *Reitman* action names only Champion as a defendant, whereas in this case Vado also names Pet Food Express as a defendant. However, the only factual allegations specifically aimed at Pet Food Express in the complaint in the instant action are that it sells the Champion Pet Food Products at issue in this case and that Vado purchased those products from Pet Food Express. Compl. ¶¶ 13, 17. Vado does not assert any claims in this case against Pet Food Express alone; nor do any of the claims asserted in this case identify any separate conduct on the part of Pet Food Express upon which the claims are based.

### D. Contentions of the Parties in the Pending Motions

In the Motion to Stay or Dismiss, Champion argues that this action should be stayed under the first-to-file doctrine because *Reitman* was filed seven months before Vado filed the complaint in this action and the cases involve identical class claims. Champion also argues the claims asserted in this case should be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim. Vado opposes the Motion to Stay or Dismiss, arguing that the case should be remanded to state court under the "local controversy" exception to CAFA jurisdiction. Even if the Court does not remand the case to state court, she contends, it should not stay the case because the claims and parties in *Reitman* are not identical to those in this case and therefore, the first-to-file doctrine does not apply. Vado does not address Champion's argument that her claims are insufficiently pled and therefore should be dismissed under Rule 12(b)(6).

---

claims that are also raised by Champion in its Motion to Stay or Dismiss in the instant action, the Court need not decide whether that ruling has binding effect on the parties here because it finds that this action should be stayed and does not reach Champion's arguments that the claims in this case have been insufficiently pled.

[4] In *Reitman*, the plaintiffs assert the following claims: 1) Violation Of The California Consumer Legal Remedies Act; 2) Violation Of The California False Advertising Law; 3) Violation of the California Unfair Competition Law; 4) Breach Of Express Warranty; 5) Breach Of Implied Warranty; 6) Fraudulent Misrepresentation; 7) Fraud By Omission; 8) Negligent isrepresentation; And 9) Unjust Enrichment.

1    Pet Food Express, like Vado, argues that the case should be remanded to state court under
2 CAFA's local controversy exception and asks the Court to decide this jurisdictional question
3 before addressing whether the case should be stayed or dismissed.  In contrast to Vado, however,
4 Pet Food Express does not oppose entry of a stay under the first-to-file doctrine.  To the contrary,
5 in its Reply on the Motion to Remand, it states that "[t]here is little question that this action should
6 be stayed either by this Court or by the Alameda County Superior Court [as] [t]he Complaint in
7 this action is nearly an exact copy of the First Amended Complaint filed in the first-filed Central
8 District case."  Reply (Motion to Remand) at 3.

### III.    MOTION TO REMAND

#### A.    Legal Standards under CAFA

Under 28 U.S.C. § 1441, a defendant may remove a civil action from state court to federal district court if the district court would have had subject matter jurisdiction over the action had it been originally filed in that court.  CAFA gives district courts original jurisdiction "of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which . . . any member of a class of plaintiffs is a citizen of a State different from any defendant," so long as "the number of members of all proposed plaintiff classes in the aggregate is [not] less than 100." 28 U.S.C. §§ 1332(d)(2)(A), (d)(5)(B).  It is the defendant's burden to show that these requirements are met.  *See Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 686 (9th Cir. 2006) ("the party seeking federal jurisdiction on removal bears the burden of establishing that jurisdiction"); *see also Hernandez v. Sysco Corp.*, No. 16-CV-06723-JSC, 2017 WL 358021, at *1 (N.D. Cal. Jan. 25, 2017) ("Defendants, as the removing parties, bear the burden of establishing these elements, that is, a prima facie case of removal jurisdiction") (citing *Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1021 (9th Cir. 2007)). There is no presumption against removal under CAFA, "which Congress enacted to facilitate adjudication of certain class actions in federal court." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014) (citing *Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 595 (2013)).

There is a "narrow exception" to CAFA jurisdiction for "local controversies." *Allen v. Boeing Co.*, 821 F.3d 1111, 1116 (9th Cir. 2016); *see also Evangelista v. Just Energy Mktg. Corp.*,

No. SACV1702270CJCSSX, 2018 WL 1026370, at *2 (C.D. Cal. Feb. 21, 2018) (citing 28 U.S.C. § 1332(d)(4)). Under that exception, a district court shall decline to exercise jurisdiction where the following requirements are met: 1) "greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the State in which the action was originally filed"; 2) there is a "local" defendant, that is, a defendant that is a citizen of the state where the action was originally filed, from whom "significant relief" is sought and whose conduct forms a "significant basis" for the claims; 3) the "principal injuries resulting from the alleged conduct or any related conduct of each defendant were incurred in the State in which the action was originally filed;" and 4) "during the 3-year period preceding the filing of that class action, no other class action has been filed asserting the same or similar factual allegations against any of the defendants on behalf of the same or other persons." 28 U.S.C. § 1332(d)(4)(A). It is the burden of the party that seeks remand under this exception to show that the local controversy exception applies. *Allen v. Boeing*, 821 F.3d at 1116 (citation omitted).

### B. Analysis

Neither Vado nor Pet Food Express disputes that Champion has made a prima facie case that there is removal jurisdiction under CAFA. The sole basis for their assertion that this Court should not exercise jurisdiction under CAFA is the local controversy exception. The Court concludes, however, that that exception does not apply here.

First, as stated above, one of the requirements of the local controversy exception is that in the three years preceding the filing of the class action, no other class action has been filed asserting the same or similar factual allegations against any of the defendants on behalf of the same or other persons. As the parties are well aware, that requirement is not met here as the factual allegations in *Reitman* (and likely in numerous other cases) against Champion are the same as the factual allegations in this case with respect to Champion, which is a defendant in both cases. *See Hernandez v. Sysco Corp.*, 2017 WL 358021, at *2 (holding that local controversy doctrine did not apply because a "similar class action complaint was filed in San Diego Superior Court" in the three-year period before the complaint was filed).

Second, Pet Food Express has not established that it is a party whose conduct forms a

6

"significant basis" for the claims. To determine whether this requirement is met, the court compares the allegations against Pet Food Express to the allegations against Champion. *See Benko v. Quality Loan Serv. Corp.*, 789 F.3d 1111, 1118 (9th Cir. 2015) (explaining that the "significant basis" requirement is analyzed under a "comparative approach" to determine whether the alleged conduct of the party invoking the local controversy doctrine is "significant"). As discussed above, all of the alleged misrepresentations are by Champion; the only allegations in Vado's complaint regarding Pet Food Express are that it sold Champion's Pet Food Product and that Vado purchased that product at a Pet Food Express store. As the complaint does not allege any significant independent conduct on the part of Pet Food Express, the Court concludes that the "significant basis" requirement under the local controversy doctrine is not satisfied.[5]

For these reasons, the Court finds that Pet Food Express has not met its burden and that the local controversy requirement does not apply to this case.

## IV. MOTION TO STAY OR DISMISS

### A. Legal Standards Governing First-to-File Rule

"The first-to-file rule allows a district court to stay proceedings if a similar case with substantially similar issues and parties was previously filed in another district court." *Kohn Law Grp., Inc. v. Auto Parts Mfg. Mississippi, Inc.*, 787 F.3d 1237, 1240 (9th Cir. 2015). The purpose of the rule is to "maximize 'economy, consistency, and comity.'" *Id.* (quoting *Cadle Co. v. Whataburger of Alice, Inc.*, 174 F.3d 599, 604 (5th Cir. 1999)). In *Kohn*, the Ninth Circuit explained that the first-to-file rule "does not require exact identity of the parties"; rather, it "requires only substantial similarity of parties." *Id.* Likewise, the issues in the earlier-filed case

---

[5] In support of her opposition to the Motion to Stay or Dismiss, Vado has submitted a declaration of counsel stating that he conducted an internet search on December 10, 2018 and found on Pet Food Express's website a description of its Food Product Safety Assurance Program. *See* Declaration of Joshua C. Anaya in Support of Plaintiff's Opposition to Motion to Stay Action, or Alternatively, to Dismiss ("Anaya Decl.") & Ex. 1 (print-out of web pages). As Vado concedes, the "significant basis" requirement is evaluated with reference to the allegations in the complaint. *See* Opposition (Motion to Stay or Dismiss) at 4 (stating that "proof of a defendant's significance looks to allegations inside the complaint") (citing *Benko*, 789 F. 3d at 1117). The complaint does not include any allegations about Pet Food Express's Food Product Safety Assurance Program or base any claims against Pet Food Express on that program; nor has Vado requested leave to amend her complaint to add such allegations. Therefore, this evidence is not relevant to the Court's analysis.

7

need only be "substantially similar" to those in the subsequent case, a requirement that is met when there is "substantial overlap" between the two suits. *Id*. at 1240-1241.  In determining whether these requirements are met, the court takes into consideration the policy that underlies the first-to-file doctrine, that is, achieving the goals of "judicial economy, consistency and comity." *Id*.

### B. Analysis

It is undisputed that the *Reitman* action was filed seven months before Vado filed her complaint in this case. Moreover, the docket in *Reitman* reflects that significant discovery has occurred in that case and motion practice has already passed the pleading stage.  Therefore, the only question the Court must decide is whether the parties and issues in this case are "substantially similar" to those in *Reitman*. The Court concludes that they are.

When determining whether the parties are substantially similar in the class action context, "most courts . . . compar[e] the classes, not their representatives, even when certification has not yet taken place." *Garcia v. Praxair, Inc*., No. 18-cv-3887-WHO, 2018 WL 4471151, at *5 (N.D. Cal. Sept. 18, 2018).  Because Vado seeks to represent a class that is identical to the putative class in *Reitman*, and will be a member of the *Reitman* class if it is certified, the plaintiffs in the two cases are essentially the same for the purposes of the Court's of analysis. Further, Champion is named as a defendant in both cases and, as discussed above, the allegations in both cases are directed almost entirely at Champion. The only difference with respect to the parties in the two cases is the addition of Pet Food Express as a defendant in this action. Further, the issues raised in *Reitman* substantially overlap with the issues raised here because, as already discussed, the bulk of Vado's allegation are directed at Champion and those same allegations are the subject of the claims asserted against Champion in *Reitman*. Under these circumstances, the Court concludes that the goals of judicial economy, efficiency and comity will be served by staying this case and that the parties and issues raised in this case are substantially similar.

### V. CONCLUSION

For the reasons stated above, the Motion to Remand is DENIED. The Motion to Stay or Dismiss is GRANTED as to the request to stay the case under the first-to-file rule. The case is

STAYED pending resolution of the *Reitman* action, Case No. 2:18-cv-01736-DOC-JPR, in the Central District of California.  A Status Conference will be held on **August 16, 2019** at 2:00 p.m. in Courtroom G.  The parties shall file a joint status report by **August 9, 2019**.

**IT IS SO ORDERED.**

Dated:  February 14, 2019

_____
JOSEPH C. SPERO
Chief Magistrate Judge